1  Seth Gold (SBN 163220)
   seth.gold@klgates.com
2  Cassandra Jones (SBN 270845)
   cassandra.jones@klgates.com
3  Akhil Sheth (SBN 294721)
   akhil.sheth@klgates.com
4
5  K&L Gates LLP (Cyber Civil Rights Legal Project)
   10100 Santa Monica Blvd.
6  Los Angeles, CA 90067
   T: (310) 552-5000
7  F: (310) 552-5001
8  Attorneys for Plaintiff Jane Doe

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jane Doe,**<br><br>       Plaintiff,<br><br>  v.<br><br>**David K. Elam II,**<br><br>       Defendant. | Case No. CV 14-9788 PSG (MANx)<br><br>**First Amended Complaint**<br><br>1. Copyright Infringement (17 U.S.C. § 101 et seq.)<br>2. Online Impersonation with Intent to Cause Harm (Cal. Pen. Code § 528.5)<br>3. Intrusion<br>4. Intentional Infliction of Emotional Distress<br>5. Negligence<br>6. Negligent Infliction of Emotional Distress<br>7. Stalking (Cal. Civ. Code § 1708.7)<br><br>**Demand for Jury Trial** |

**FIRST AMENDED COMPLAINT**

## Introduction

1. This is a complaint for an injunction, damages, and other appropriate relief to stop Defendant David K. Elam II from continuing the deliberate terrorization of his former girlfriend Plaintiff Jane Doe, who brings this suit pseudonymously to protect her identity. Over several months and in the face of several court orders, Defendant posted Jane's private, intimate photographs and videos on the internet as part of a revenge porn campaign explicitly designed to destroy Jane. Not only did Defendant display these photographs and videos online, but he also sent them to Jane's personal and professional acquaintances. Defendant also posed as Jane online, encouraging men to send her sexual images of themselves and to visit her at her home for sex.

2. Jane now seeks civil relief against Defendant.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (copyright), 28 U.S.C. § 1367(a) (supplemental), and 28 U.S.C. § 1332 (diversity).

4. This Court has personal jurisdiction over Defendant because, among other things, he purposefully directed his unlawful activities towards California, he knew or should have reasonably known that these activities would cause harm in California, and he did in fact harm Jane in California through these activities.

5. This District is the appropriate venue for resolving this dispute under 28 U.S.C. § 1391(b) because, among other things, and as set forth more particularly below, Defendant performed tortious acts in the Central District of California whose "locus of injury" was in the Central District of California—where Plaintiff has resided at all relevant times. Venue is also appropriate under 28 U.S.C. § 1400(a) because, among other things, and as set forth more particularly below, Defendant can be "found" in the Central District of California.

## Parties

6.  Plaintiff Jane Doe is a young woman who is a citizen of California and who has resided in Los Angeles County, California at all relevant times herein. She files this complaint pseudonymously to protect her identity for the reasons set forth in her Motion for Protective Order and to Proceed under a Pseudonym.

7.  Defendant David K. Elam II is an individual. Upon information and belief, he is a citizen of Pennsylvania and resides in Philadelphia.

## Factual Allegations

8.  Jane and Defendant dated from 2012 through the spring of 2013. During the course of their relationship, Defendant lived on the East Coast while Jane pursued her education on the West Coast, in Los Angeles County. Jane took several intimate photographs and videos and sent them to Defendant. Both Jane and Defendant understood and agreed that these photographs and videos would remain private.

9.  In the spring of 2013, after the parties ended their relationship, Defendant telephoned Jane and threatened to ruin her life.

10. On or about May 9, 2013, with knowledge that Jane resided in this District at that time, Defendant impersonated Jane by creating an online profile on the online dating site OkCupid (www.okcupid.com) and pretending he was Jane, living in this District. The profile used a variation of Jane's first name that was identical to the Twitter username she was using at that time, and included suggestive photographs of Jane. In response to certain multiple choice questions posed by OkCupid, Defendant impersonated Jane and gave sexually suggestive responses.

11. Through this OkCupid profile Defendant impersonated Jane and encouraged users to send sexual images of themselves to Jane. He distributed Jane's mobile phone number to users to accomplish this. While pretending he was Jane, Defendant also encouraged users to visit Jane for sex while Jane was residing in this District; upon information and belief, Defendant distributed Jane's home address, which is in this District, to accomplish this.

12. Jane received approximately 30 messages from strange men through her mobile phone and email account while in this District. Some of these messages contained explicit images; others stated that the sender—a man that Jane did not know—was on his way over to Jane's home. On information and belief, this was a direct result of Defendant's impersonation of Jane.

13. On or about May 10, 2013, with knowledge that Jane resided in this District at that time, Defendant created a profile on the pornography website xHamster (www.xhamster.com) in a name that was very similar to Jane's name. Defendant uploaded at least one sexually explicit video of Jane to xHamster, so that it was immediately available to anyone with an internet connection.

14. On or about May 10, 2013 and thereafter, with knowledge that Jane resided in this District at that time, Defendant created additional online profiles impersonating individuals in Jane's social circle, and used those accounts to distribute hyperlinks to an explicit video of Jane. On information and belief, on or around May 10, 2013, Defendant spoofed the email address of a high ranking official of the university Jane was attending, which university Defendant knew is located in this District, and from that spoofed email address sent to a classmate of Jane, who Defendant also knew resided in this District, an email that contained a link to a sexually explicit video of Jane that Defendant had posted online.

15. On information and belief, on or around May 11, 2013, Defendant spoofed the email address of a classmate of Jane from the university Jane was attending, which university and classmate Defendant knew are located in this District, and from that spoofed email address sent to Jane's mother a link to a sexually explicit video of Jane that Defendant had posted online.

16. On or about May 12, 2013, with knowledge that Jane resided in this District at that time, Defendant uploaded at least one explicit video of Jane to the pornography website HardSexTube (www.hardsextube.com), so that it was immediately available to anyone with an internet connection.

17. Shortly thereafter, Jane telephoned Defendant's mother pleading with her to try and get Defendant to stop.

18. On or about May 12, 2013, Defendant also telephoned Jane's mother and admitted that he had posted Jane's photographs and contact information online, including posting the information on at least two pornography websites. Defendant promised that he would remove this information, but did not fulfill that promise.

19. On or about July 9, 2013, seven photographs and one explicit video of Jane were posted on the revenge porn website MyEx (www.myex.com). At the time, Jane was the registered copyright holder of six of the photographs and the video. Jane became the copyright holder of the seventh shortly thereafter.

20. On or about July 15, 2013, Jane received a text message from a stranger based on purported messages exchanged with Jane on the adult dating website Adultspace (www.adultspace.com). Jane does not and has never had a profile or an account on Adultspace.

21. The Adultspace account purporting to be Jane's had posted explicit video of Jane posted which identified her as a "BBW," a sometimes pejorative acronym used on online dating sites that stands for Big Beautiful Woman, referring to overweight women. The profile also included a link to Jane's account on the image-sharing website Instagram (www.instagram.com). Jane's Instagram username, which was embedded in this link, contained Jane's full name.

22. On or about July 17, 2013, eight explicit photographs and one explicit video of Jane were posted to the image-sharing website Tumblr (www.tumblr.com). At that time, Jane held, and still holds, the copyright in each of these photographs.

23. On or about July 20, 2013, an explicit video of Jane was posted on the pornography website Motherless (www.motherless.com). The title of the video included Jane's full name and school.

24. From May 8, 2013 onwards, Jane received countless messages and requests from strange men through her Facebook, LinkedIn, OkCupid, and Instagram accounts.

25. Despite the diligent issuance of takedown letters by Jane through her attorney, hundreds of links to photographs and videos of Jane remained online through the fall of 2013.

26. As a result of Defendant's actions Jane has suffered emotional harm: she has not been able to sleep; she has had to devote time that would otherwise have gone to building her professional career to court appearances and calls with her counsel; she has had to work hard to repair her professional reputation. As a result of Defendant's revenge porn campaign, Jane has continually feared for her physical safety.

## Claim 1

## Copyright Infringement

27. Jane incorporates by reference the allegations contained in paragraphs 1–26 above.

28. Jane is and at all relevant times has been the sole owner of the copyrights in certain photographs (the "Copyrighted Works"). Each of these Copyrighted Works has been properly registered with the United States Copyright Office. The registration numbers for the Copyrighted Works are attached hereto as **Exhibit 1**.

29. Under the Copyright Act of 1976 and later law, Jane has certain rights, including the exclusive rights to reproduce and to distribute the Copyrighted Works.

30. Without Jane's permission, Defendant reproduced and distributed the Copyrighted Works to the public through numerous websites, including but not limited to Adultspace, Facebook, TheDirty, MyEx, and Tumblr. In doing so Defendant infringed Jane's exclusive rights of reproduction and distribution.

31. Jane is informed and believes that some of this infringement took place after the Copyrighted Works were registered with the Copyright Office.

32. Jane is informed and believes that Defendant committed his infringing acts willfully and intentionally, with indifference to Jane's rights.

33. As a result of Defendant's infringement of Jane's copyrights, Jane is entitled to actual damages and statutory damages under 17 U.S.C. § 504(c). Jane is also entitled to her costs and attorney fees under 17 U.S.C. § 505.

34. Defendant's conduct has caused Jane great and irreparable injury that can neither be fully compensated nor measured in money. Defendant's conduct will continue to cause such harm unless it is enjoined by this Court. Jane is thus entitled to injunctive relief prohibiting Defendant from further infringing the Copyrighted Works and ordering Defendant to destroy all copies of the Copyrighted Works under 17 U.S.C. §§ 502 and 503.

## Claim 2
## Online Impersonation with Intent to Cause Harm
## Under California Penal Code Section 528.5

35. Jane incorporates by reference the allegations in paragraphs 1–34 above.

36. Jane is informed and believes that Defendant knowingly and without Jane's consent, as alleged in paragraphs 10–13 and 20–21 above, credibly impersonated Jane through or on a website for the purposes of harming, intimidating, threatening, or defrauding Jane.

37. Defendant created profiles on several websites, including, but not limited to, Adultspace and OkCupid, and through these profiles credibly impersonated Jane. During interactions, Defendant solicited men for sex with Jane and posted Jane's personal information online. Others would have reasonably believed—and in fact did reasonably believe—that these online profiles were actually created and operated by Jane.

38. As a result of Defendant's creation of these online profiles, Jane was substantially harmed. Jane is entitled to compensatory damages, injunctive relief, and other equitable relief under California Penal Code section 528.5.

### Claim 3

### Intrusion

39. Jane incorporates by reference the allegations in paragraphs 1–38 above.

40. Jane has always considered the photographs and videos at issue here to be private materials not intended for distribution to the public, and conducted herself with an actual expectation of such privacy.

41. Before the misconduct alleged in this complaint occurred, Jane understood that Defendant was the only other person who knew about the photographs and videos at issue. Defendant either implicitly or explicitly assured Jane that he considered the subject photographs and videos to be private materials.

42. Jane's expectation of privacy in the photographs and videos at issue here was objectively reasonable, as the typical person would have also considered the photographs and videos to be highly personal in nature.

43. By posting them and otherwise sharing the photographs and videos, Defendant intruded upon Jane's zone of privacy, as alleged in paragraphs 10–16 and 19–24. Jane is informed and believes that Defendant intruded upon Jane's privacy intentionally, as demonstrated in part by Defendant's statements to Jane, the number of websites Defendant used to distribute and display the subject photographs and videos, and the time period during which the photographs and videos were posted.

44. Defendant's misconduct would be highly offensive to the reasonable person.

45. Jane is informed and believes that Defendant engaged in this misconduct willfully and maliciously.

46. Jane was significantly harmed by Defendant's misconduct.

### Claim 4

### Intentional Infliction of Emotional Distress

47. Jane incorporates by reference the allegations in paragraphs 1–46 above.

1     48.     By his conduct, including but not limited to posting the photographs and videos at issue, soliciting sex on Jane's behalf, and inviting strange men to visit and contact Jane at her home, Defendant engaged in outrageous misconduct. Defendant's misconduct was so extreme as to go beyond all possible bounds of decency, and a reasonable person would view Defendant's misconduct as intolerable in a civilized society.

49.     Defendant intended to cause Jane emotional distress and acted with reckless disregard for the probability that Jane would suffer emotional distress, as alleged in paragraphs 10–16 and 19–26.

50.     Jane suffered severe emotional distress, and Defendant's misconduct was, at the very least, a substantial factor in causing this severe emotional distress.

## Claim 5

### Negligence

51.     Jane incorporates by reference the allegations in paragraphs 1–50 above.

52.     Defendant owed Jane a duty of care, including a duty to not cause Jane harm.

53.     Defendant breached this duty of care by engaging in the actions described above and as specifically alleged in paragraphs 10–16 and 19–26.

54.     As a result of Defendant's negligence, Jane was injured.

55.     Defendant's negligence was, at the very least, a substantial factor in causing Jane's injuries.

## Claim 6

### Negligent Infliction of Emotional Distress

56.     Jane incorporates by reference the allegations in paragraphs 1–55 above.

57.     Jane alleges that Defendant owed Jane a general duty of care to avoid taking actions that would injure Jane.

58.     Defendant breached this duty of care by engaging in the actions described above and as specifically alleged in paragraphs 10–16 and 19–26.

59. As a result of Defendant's negligence, Jane suffered severe emotional distress.

60. Defendant's negligence was, at the very least, a substantial factor in causing Jane's severe emotional distress.

### Claim 7

### Stalking Under California Civil Code Section 1708.7

61. Jane incorporates by reference the allegations in paragraphs 1–60 above.

62. Defendant engaged in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass Jane, as alleged in paragraphs 10–16 and 19–26 above.

63. As a result of Defendant's pattern of conduct, Jane reasonably feared for her safety.

64. As a result of Defendant's pattern of conduct, Jane reasonably suffered substantial emotional distress.

65. As a result of Defendant's negligence, Jane was injured.

66. Defendant, as a part of his pattern of conduct, made a credible threat with the intent to place Jane in reasonable fear for her safety.

67. Defendant, as a part of his pattern of conduct, made a credible threat with reckless disregard for the safety of Jane.

68. On at least one occasion, Jane clearly and definitively demanded that Defendant cease and abate his pattern of conduct and Defendant persisted in his pattern of conduct.

### Prayer for Relief

Jane respectfully requests judgment as follows:

1. A preliminary and permanent injunction prohibiting Defendant from posting or otherwise using the photographs and videos;

2. Compensatory damages in an amount to be proven at trial, but at least in excess of $75,000;

3.  Statutory damages under 17 U.S.C. § 504(c);

4.  Punitive damages under California Civil Code section 3294 and California Penal Code sections 502(e)(4) and 528.5;

5.  Attorney fees under California Penal Code sections 502(e)(4) and 528.5, and 17 U.S.C. § 505;

6.  Costs of suit;

7.  Interest on the sum of the compensatory, statutory, and punitive damages; and

8.  Any other relief the Court deems just and proper.


Dated: February 12, 2015          By: /s/ Akhil Sheth
                                  Seth Gold
                                  Cassandra Jones
                                  Akhil Sheth
                                  K&L Gates LLP (Cyber Civil Rights Legal Project)

                                  *Attorneys for Plaintiff Jane Doe*

**Jury Demand**

Plaintiff hereby demands a jury trial for all issues triable by a jury.

Dated: February 12, 2015          By: /s/ Akhil Sheth
                                      Seth Gold
                                      Cassandra Jones
                                      Akhil Sheth
                                      K&L Gates LLP (Cyber Civil Rights Legal Project)

                                      *Attorneys for Plaintiff Jane Doe*