```
 1                    UNITED STATES DISTRICT COURT

 2

 3                   CENTRAL DISTRICT OF CALIFORNIA

 4                          WESTERN DIVISION

 5

 6
     JANE DOE,                       )
 7                                   )
                                     )
 8        PLAINTIFF,                 )
                                     )
 9             V.                    )   CV 14-9788-PSG(SS)
                                     )
10                                   )
     DAVID K. ELAM, II,               )
11                                   )
                                     )   LOS ANGELES, CALIFORNIA
12                                   )   OCTOBER 6, 2015
          DEFENDANT.                 )   (10:08 A.M. TO 10:19 A.M.)
13   _____)

14                              HEARING

15
             BEFORE THE HONORABLE SUZANNE H. SEGAL
16                 UNITED STATES MAGISTRATE JUDGE

17

18   APPEARANCES:            SEE NEXT PAGE

19   COURT REPORTER:         RECORDED; COURT SMART

20   COURTROOM DEPUTY:       MARLENE RAMIREZ

21
     TRANSCRIBER:            DOROTHY BABYKIN
22                           COURTHOUSE SERVICES
                             1218 VALEBROOK PLACE
23                           GLENDORA, CALIFORNIA  91740
                             (626) 963-0566
24
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF JANE DOE:

 3              K&L GATES
                BY:  CASSANDRA S. JONES
 4                   ATTORNEY AT LAW
                10100 SANTA MONICA BOULEVARD
 5              7TH FLOOR
                LOS ANGELES, CALIFORNIA  90067
 6

 7   FOR DEFENDANT DAVID K. ELAM, II:

 8              DORDI WILLIAMS COHEN LLP
                BY:  MARC S. WILLIAMS
 9                   CHARLES J. SNYDER
                     ATTORNEYS AT LAW
10              724 SOUTH SPRING STREET
                SUITE 903
11              LOS ANGELES, CALIFORNIA  90014

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                              I N D E X
CV 14-9788-PSG(SS)                                OCTOBER 6, 2015

PROCEEDINGS:   PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER
```

4

1  LOS ANGELES, CALIFORNIA; TUESDAY, OCTOBER 6, 2015; 10:08 A.M.
2           THE CLERK:  SUZANNE H. SEGAL, UNITED STATES
3  MAGISTRATE JUDGE, PRESIDING.
4           CALLING CASE CV 14-9788, JANE DOE VERSUS DAVID K.
5  ELAM.
6           COUNSEL, PLEASE STATE YOUR APPEARANCES ON THE RECORD.
7           MS. JONES:  GOOD MORNING, YOUR HONOR.
8           CASSANDRA JONES ON BEHALF OF PLAINTIFF JANE DOE.
9           THE COURT:  GOOD MORNING.
10          MR. SNYDER:  GOOD MORNING, YOUR HONOR.
11          CHARLES SNYDER ON BEHALF OF THE DEFENDANT DAVID ELAM.
12          I'M ALSO HERE WITH MY COLLEAGUE MARC WILLIAMS.
13          THE COURT:  GOOD MORNING.
14          MR. WILLIAMS:  GOOD MORNING, YOUR HONOR.
15          THE COURT:  GOOD MORNING.
16          SO, WE'RE HERE ON THE MOTION FOR A PROTECTIVE ORDER.
17 I'VE HAD A CHANCE TO LOOK AT THE PAPERS FROM THE PARTIES.
18          I GUESS MY QUESTION IS AS OPPOSED TO AN ORDER
19 COMPLETELY BARRING THE DEPOSITION, WHAT THE PARTIES' THOUGHTS
20 ARE ON AN ORDER STAYING THE DEPOSITION.  BECAUSE IT LOOKS TO ME
21 LIKE THE CRIMINAL CASE IS -- YOU KNOW, I DON'T REALLY KNOW.
22 BUT IT LOOKS LIKE IT'S GOING FORWARD.  AND WE COULD AVOID THE
23 ISSUES THAT YOU'VE DESCRIBED IN YOUR PAPERS IF WE JUST STAY THE
24 DEPOSITION FOR 90 DAYS.
25          SO, WHAT ARE YOUR THOUGHTS ON THAT?

1    MS. JONES: YOUR HONOR, THAT'S ACTUALLY THE EXACT
2    TYPE OF RELIEF THAT WE'RE SEEKING. WE'RE NOT ACTUALLY
3    ATTEMPTING TO BAR DEFENDANT FROM TAKING PLAINTIFF'S DEPOSITION.
4    IN FACT, THE STAY IS -- IS THE IDEAL RELIEF THAT WE
5    WOULD SEEK FOR THE REASONS ARTICULATED IN THE JOINT STIP AND
6    THE -- IN OUR SUPPLEMENTAL MEMORANDUM.
7    THE COURT: OKAY.
8    AND YES.
9    MR. SNYDER: SO, YOUR HONOR, SO, THAT'S RIGHT.
10   THAT'S THE EXACT RELIEF THAT THE PLAINTIFF IS SEEKING. SHE'S
11   SEEKING IT UNDER A RULE 26(C) PROTECTIVE ORDER AS OPPOSED TO A
12   STAY.
13   BUT IN TERMS OF STARTING OUT WITH WHY WE WOULD OPPOSE
14   THAT. SO, MS. DOE IS GOING TO BE A WITNESS IN A CRIMINAL TRIAL
15   COMING UP. SHE FILED A CIVIL CASE AGAINST OUR CLIENT, MR.
16   ELAM.
17   AND, YOU KNOW, WHAT'S GOING TO HAPPEN OVER THE COURSE
18   OF THE NEXT MONTH AND A HALF BETWEEN NOW AND THE CRIMINAL TRIAL
19   IS SHE'S GOING TO GO TO THE U.S. ATTORNEY'S OFFICE MULTIPLE
20   TIMES. SHE'S GOING TO BE PREPPED. SHE'S GOING TO BE LED
21   THROUGH HER DIRECT EXAMINATION. SHE'S GOING TO GET FEEDBACK ON
22   HER TESTIMONY. SHE'S GOING TO BE LED THROUGH A
23   CROSS-EXAMINATION, GET FEEDBACK ON HER TESTIMONY. AND SHE'S
24   GOING TO HAVE AN OPPORTUNITY TO SEE ALL OF THE EVIDENCE
25   PRESENTED IN THE CRIMINAL CASE.

1        AND ONLY AFTER THAT WOULD WE GET A CHANCE TO TAKE HER
2   DEPOSITION.
3        AND I THINK, YOU KNOW, FOR US AS THE DEFENDANT IN A
4   CIVIL CASE THAT MS. DOE FILED, WE'RE LOOKING TO GET AN
5   UNVARNISHED DEPOSITION.  WE WANT TO GET HER TESTIMONY -- YOU
6   KNOW, THE TESTIMONY BASED ON HER PERSONAL RECOLLECTION.
7        AND TO SUGGEST THAT, YOU KNOW, IT WOULDN'T BE
8   INFORMED AND INFLUENCED BY ALL OF THOSE EVENTS, I DON'T THINK
9   THAT -- YOU KNOW, IT GOES AGAINST EVERYTHING WE KNOW ABOUT THE
10  WAY THAT MEMORIES ARE CREATED AND THE WAY THAT FALSE MEMORY
11  WORKS AND STUFF LIKE THAT.
12       AND I THINK -- YOU KNOW, THERE'S ANOTHER POINT, TOO.
13       MS. DOE FILED THIS CASE IN DECEMBER OF 2014.  IT'S
14  NOW OCTOBER.  WE HAVE A DISCOVERY CUTOFF IN MARCH OF 2016.
15       WHAT SHE'S SAYING IS ESSENTIALLY WAIT UNTIL SOME TIME
16  IN DECEMBER TO TAKE MY DEPOSITION.  OR IF WE STAYED IT FOR 90
17  DAYS THAT WOULD PUT US IN JANUARY.  AND WE'VE PURSUED A
18  DISCOVERY STRATEGY THAT STARTS WITH HER DEPOSITION AND THEN
19  BRANCHES OUT FROM THERE, WHICH IS, A LEGITIMATE DISCOVERY
20  STRATEGY AND SOMETHING THAT WE'RE ENTITLED TO DO WHEN -- WHEN
21  OUR CLIENT IS SUED IN A CIVIL CASE.  AND SHE'S ESSENTIALLY
22  TELLING US, NO, YOU KNOW, YOU NEED TO WAIT UNTIL A YEAR OUT OR
23  MORE THAN A YEAR OUT.
24       AND, YOU KNOW, FOR THAT REASON I THINK THE PREJUDICE
25  TO US IS PRETTY SIGNIFICANT.

7

1  I THINK THERE ARE A NUMBER OF REASONS WHY HER MOTION
2  FAILS UNDER RULE 26, WHICH IS THE MOTION THAT SHE BROUGHT. AND
3  I'D BE HAPPY TO TALK ABOUT THOSE. BUT, YOU KNOW, TO ANSWER
4  YOUR INITIAL QUESTION ABOUT WE WOULD OPPOSE A STAY, YOU KNOW,
5  INITIALLY FOR THOSE REASONS.
6      THE COURT: OKAY. THANK YOU.
7      ALL RIGHT. DID YOU WANT TO RESPOND TO ANY OF THAT?
8      MS. JONES: YES, YOUR HONOR.
9      SO, TO COUNSEL'S FIRST POINT, OUR CLIENT WILL BE
10  PREPPED FOR HER DEPOSITION REGARDLESS OF WHEN IT OCCURS.
11      HER MEMORY -- AND THIS IS THE -- THESE -- BOTH THE
12  CIVIL CASE AND THE CRIMINAL CASE INVOLVE THE SAME SET OF FACTS.
13      HER MEMORY AS TO THE EVENTS THAT OCCURRED WOULD BE NO
14  DIFFERENT AFTER THE CRIMINAL TRIAL. COUNSEL IS ATTEMPTING TO
15  ARGUE THAT SHE WILL SOMEHOW BE PREPPED IN A SUPERIOR WAY IF SHE
16  HAS THE BENEFIT OF SPEAKING WITH THE U.S. ATTORNEYS. AND --
17  BUT -- AND THAT'S -- IT'S NOT ONLY SPECULATIVE, BUT IT IS NO
18  DIFFERENT THAN THE PREP SHE WOULD RECEIVE FROM HER OWN
19  ATTORNEYS IN THE CIVIL CASE. SO, THAT'S NOT EXACTLY -- WE
20  DON'T FIND THAT AS A -- AS A BASIS TO ARGUE THAT --
21      THE COURT: SO, WHAT YOU'RE SAYING IS THE IDEA THAT
22  SHE WOULD BE A SUPERIOR DEPONENT IF THERE'S DELAY IS REALLY
23  SPECULATIVE, THAT YOU CAN'T BE SURE THAT SOMEBODY IS
24  NECESSARILY GOING TO IMPROVE AS A WITNESS OVER TIME.
25      IS THAT WHAT YOU'RE SAYING?

1                MS. JONES:  YES, THAT'S CORRECT.

2                THE FACTS ARE THE FACTS.  HER MEMORY IS WHAT IT IS.

3    IT'S NOT GOING TO CHANGE OVER TIME.

4                AND, SECONDLY, AS WE POINTED OUT IN OUR SUPPLEMENTAL

5    MEMORANDUM, WE HAVEN'T ATTEMPTED TO PREVENT DEFENDANT FROM

6    OBTAINING ANY DISCOVERY THROUGH OTHER METHODS.

7                IN FACT, WE'VE ALREADY RESPONDED TO DEFENDANT'S FIRST

8    SET OF REQUESTS FOR PRODUCTION.  AND WE'RE IN THE PROCESS OF

9    NEGOTIATING A STIPULATED PROTECTIVE ORDER SO THAT WE CAN

10   PRODUCE DOCUMENTS TO DEFENDANT.

11               AND ONE THING WE'D LIKE TO POINT OUT IS THAT THE

12   DEFENDANT IN THIS CASE, HE IS WITHIN HIS RIGHT TO PLEAD THE

13   FIFTH AMENDMENT, WHICH HE HAS DONE THROUGHOUT -- THROUGHOUT

14   THIS CASE.  AND WE UNDERSTAND THAT.  BUT WE'D LIKE TO POINT

15   THAT OUT JUST TO HIGHLIGHT THE IMBALANCE OF INFORMATION THAT'S

16   BEING EXCHANGED IN THIS CASE.

17               WE ARE IN NO WAY LIMITING ANY -- ANY DISCOVERY

18   REQUESTS THAT THEY PROPOUND.

19               THE COURT:  SO, HOW WOULD YOU FEEL IF THE DEFENDANT

20   PROPOUNDED RULE 31 QUESTIONS ON YOU.  THOSE ARE -- IT'S A

21   DEPOSITION ON WRITTEN QUESTIONS -- TO AVOID THE, YOU KNOW,

22   EMOTIONAL DISTRESS THAT WOULD GO WITH HER DEPOSITION IN PERSON

23   BUT WOULD ALLOW THE DEFENDANT TO, AT LEAST, PROBE WHAT YOUR

24   CLIENT'S POSITION IS ON CERTAIN FACTS.

25               MS. JONES:  WE WOULD BE OPEN TO THAT, YOUR HONOR.

1            THE COURT:  ALL RIGHT.
2            OKAY.  ON THE STIPULATED PROTECTIVE ORDER, I'M JUST
3    GOING TO REFER THE PARTIES.  ON THE COURT'S PROCEDURES AND
4    SCHEDULES PAGE, I HAVE A SAMPLE STIPULATED PROTECTIVE ORDER
5    THAT I'D ENCOURAGE YOU TO TRY TO FOLLOW THAT FORM.  YOU CAN
6    REVISE IT FOR THE CASE, BUT IT WILL MAKE MY REVIEW OF THAT MUCH
7    EASIER.
8            ALL RIGHT.
9            MR. SNYDER:  YOUR HONOR --
10           SO --
11           THE COURT:  I'M SORRY.
12           MR. SNYDER:  I'M SORRY.  CAN I RESPOND --
13           THE COURT:  OF COURSE.
14           MR. SNYDER:  -- TO SOME OF THE THINGS THAT YOU SAID.
15           THE COURT:  YEAH.
16           MR. SNYDER:  SO, I THINK MAYBE WE'RE STARTING FROM A
17   LITTLE BIT OF A BACKWARDS PREMISE.
18           SO, WE'RE SAYING THAT OUR SUPPOSITION THAT HER
19   TESTIMONY MIGHT BE INFERIOR AFTER THE CRIMINAL TRIAL, THAT
20   THAT'S SPECULATIVE.  BUT THIS IS THE PLAINTIFF'S BURDEN.  AND
21   THIS IS THE PLAINTIFF'S MOTION.  SHE FILED A RULE 26 MOTION.
22           IN HER MOTION SHE SAID THE RULE 26 STANDARD -- WHICH
23   YOU KNOW BETTER THAN I DO -- BUT THERE'S A REQUIREMENT THAT SHE
24   SET FORTH SPECIFIC AND PARTICULARIZED GROUNDS.  AND IF THOSE
25   GROUNDS ARE FACTUAL, SHE NEEDS TO SUPPORT THEM WITH EVIDENCE.

1     SHE CITED THE ALLEGATIONS IN HER COMPLAINT AND THE
2  ARGUMENTS OF HER ATTORNEYS.
3     WE DON'T CONCEDE -- MR. ELAM HASN'T CONCEDED ANY OF
4  THE ALLEGATIONS IN HER COMPLAINT.
5     SO, YOU KNOW, THE EMOTIONAL DISTRESS AND STUFF LIKE
6  THAT, YOU KNOW, THAT'S NOT SUPPORTED BY EVIDENCE. AND THIS IS
7  HER MOTION AND HER BURDEN. SO --
8     THE COURT: WELL, AT LEAST SOMEONE HAS FOUND PROBABLE
9  CAUSE, RIGHT? -- THE GRAND JURY HAS FOUND PROBABLE CAUSE THAT
10 THE ALLEGATIONS --
11    RIGHT?
12    MR. SNYDER: THE GRAND JURY HAS NOT LOOKED AT
13 MS. DOE'S --
14    THE COURT: HAS HE BEEN INDICTED?
15    MR. SNYDER: HE HAS BEEN INDICTED. BUT THE GRAND
16 JURY HASN'T LOOKED AT MS. DOE'S CIVIL COMPLAINT -- AND I DON'T
17 BELIEVE THAT THAT'S BEEN PRESENTED IN THEIR MOTION. YOU KNOW,
18 THEY -- THEY WENT FORWARD ON A RULE 26 THEORY WITHOUT EVIDENCE.
19 AND --
20    THE COURT: WELL, I MEAN, DO THEY NEED TO -- I MEAN,
21 DO YOU DISPUTE THAT HE'S BEEN INDICTED?
22    MR. SNYDER: I DON'T DISPUTE THAT HE'S BEEN INDICTED.
23 DEFINITELY NOT. BUT I DON'T KNOW THAT -- THAT THAT IS -- THAT
24 JUSTIFIES GOOD CAUSE FOR A PROTECTIVE ORDER IN THIS CASE,
25 WHICH, AGAIN, THE PLAINTIFF, SHE SUED OUR CLIENT. AND SHE

1    SOUGHT DISCOVERY FROM HIM.
2            AND, NOW, WE ARE SEEKING TO TAKE DISCOVERY FROM THE
3    PLAINTIFF ON OUR SCHEDULE.
4            THE COURT:  I UNDERSTAND.
5            MR. SNYDER:  AND SHE'S -- SHE'S SAYING WE NEED TO
6    JUSTIFY THAT.
7            I MEAN, I GUESS THAT'S THE -- THAT'S THE ONLY THING I
8    WANTED TO --
9            THE COURT:  WELL, I MEAN, I UNDERSTAND THAT YOU'RE
10   FRUSTRATED.  AND WHAT THE COURT'S ROLE HERE IS TO SORT OF, YOU
11   KNOW, BALANCE THE INTERESTS OF BOTH PARTIES -- IN YOUR INTEREST
12   IN PROCEEDING ON YOUR STRATEGY VERSUS THE PLAINTIFF'S INTERESTS
13   IN NOT BEING DEPOSED ON THE SENSITIVE TOPICS THAT ARE RAISED IN
14   THIS CASE.
15           SO, THAT'S BEFORE ME.  THAT'S MY CHALLENGE.
16           AND I HAVEN'T RESOLVED IT YET, BUT I UNDERSTAND WHAT
17   YOU'RE SAYING.
18           MR. SNYDER:  THE ONLY LAST POINT THAT I WOULD LIKE TO
19   ADD -- IF THAT'S ALL RIGHT, YOUR HONOR.
20           THE COURT:  SURE.
21           MR. SNYDER:  SO, JUST -- IN THE PLAINTIFF'S BRIEFING
22   AND TODAY ALSO, SHE SAID THAT THERE WERE GOING TO BE NO
23   RESTRICTIONS AFTER THE CRIMINAL TRIAL ON OUR -- ON OUR ABILITY
24   TO DEPOSE THE PLAINTIFF.  AND IT'S THROUGHOUT HER SUPPLEMENTAL
25   BRIEF.

1    BUT, YOU KNOW, FOR EXAMPLE, AT PAGES -- AT PAGE 4,
2    LINES 13 THROUGH 15, WHAT SHE SAYS IS:
3        "JANE HAS NEVER SOUGHT TO PREVENT DEFENDANT FROM
4        DEPOSING HER NOR PLACE A LIMIT ON THE TOPICS ON
5        WHICH DEFENDANT CAN DEPOSE HER."
6        THAT'S AFTER THE CRIMINAL TRIAL.
7        SO, SHE'S SAYING THAT WE NEED TO DELAY MY DEPOSITION
8    TO AVOID THE TRAUMA OF DISCUSSING THE ALLEGATIONS IN MY
9    COMPLAINT. AND, YET, IT'S NOT GOING TO BE LIMITED AFTER THE
10   CRIMINAL TRIAL.
11       SO, AS THE PARTY WITH THE BURDEN WHO HAS TO SHOW GOOD
12   CAUSE, YOU KNOW, IF IT'S THE SAME DEPOSITION BEFORE AND AFTER,
13   TO ME, YOU KNOW, THERE IS SOME DISCONNECT THERE.
14       THE COURT: OKAY.
15       DID YOU WANT TO SAY SOMETHING?
16       MR. WILLIAMS: I WAS JUST GOING TO SAY THAT'S WHERE I
17   DON'T THINK THEY'VE PRESENTED ANY EVIDENCE IS THAT THERE'S
18   GOING TO BE ANY DIFFERENCE BEFORE OR AFTER.
19       IT MAY BE TRAUMATIZING, BUT THERE'S NO EVIDENCE THAT
20   IT'S GOING TO BE MORE TRAUMATIZING BEFORE THE CRIMINAL TRIAL AS
21   OPPOSED TO AFTER.
22       AND LOGICALLY IT DOESN'T MAKE SENSE THAT IT WOULD.
23   IF IT'S AN UNFETTERED DEPOSITION, SHE'S GOING TO BE ASKED ABOUT
24   ALL THE SAME TYPES OF QUESTIONS.
25       AND, SO, AGAIN, THEIR BURDEN. THEY SUED. WE GET TO

```
 1    TAKE THE DISCOVERY THAT WE WANT UNLESS THEY CAN SHOW GOOD CAUSE
 2    FOR STOPPING IT.  WE'RE ALLOWED TO TAKE THE PLAINTIFF'S
 3    DEPOSITION.  WE SHOULD BE ALLOWED TO TAKE IT WHEN WE WANT.
 4              THE COURT:  I UNDERSTAND.
 5              MR. WILLIAMS:  THANK YOU.
 6              THE COURT:  ALL RIGHT.
 7              SO, THE MATTER IS UNDER SUBMISSION.  AND AN ORDER
 8    WILL BE FORTHCOMING.
 9              THANK YOU VERY MUCH.
10              MR. SNYDER:  THANK YOU.
11              MS. JONES:  THANK YOU.
12              MR. WILLIAMS:  THANK YOU.
13              THE CLERK:  COURT IS IN RECESS.
14              (PROCEEDINGS ADJOURNED AT 10:19 A.M.)
15
16
17
18
19
20
21
22
23
24
25
```

14

C E R T I F I C A T E

    I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.


/S/ DOROTHY BABYKIN                              3/4/16
_____        _____
FEDERALLY CERTIFIED TRANSCRIBER              DATED
DOROTHY BABYKIN