Reuven L. Cohen (Bar No. 231915)
rcohen@dordiwilliamscohen.com
Marc S. Williams (Bar No. 198913)
mwilliams@dordiwilliamscohen.com
Charles J. Snyder (Bar No. 287246)
mwilliams@dordiwilliamscohen.com
**DORDI WILLIAMS COHEN, LLP**
724 South Spring Street, Suite 903
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorneys for Defendant,
David K. Elam, II

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID K. ELAM, II,<br><br>    Defendant. | Case No. 2:14-CV-9788-PSG-SS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT DAVID K. ELAM, II**<br><br>**DECLARATION OF MARC S. WILLIAMS**<br><br>Hearing: August 8, 2016<br>Time: 1:30 p.m.<br>Place: CR 880 (Roybal)<br>Judge: Hon. Philip S. Gutierrez |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dordi Williams Cohen, LLP, and attorneys Marc S. Williams, Reuven L. Cohen, and Charles J. Snyder (collectively "DWC") respectfully request that the Court permit them to withdraw as counsel for Defendant David K. Elam, II. Unfortunately, DWC can no longer serve as attorneys for Mr. Elam, as he has failed to pay DWC's fees and failed to communicate with DWC.

## II. STATEMENT OF FACTS

On April 12, 2015, Mr. Elam signed an engagement agreement, retaining DWC to represent him in this action. (Williams Decl., ¶2.) Under the agreement, Mr. Elam and DWC agreed that DWC's fees would be charged on an hourly basis at agreed upon hourly rates, and Mr. Elam agreed to pay those fees, as well as out-of-pocket costs incurred by DWC on Mr. Elam's behalf, on a monthly basis. (*Id.*)

Mr. Elam has not paid a substantial portion of the fees and costs generated since he retained DWC. (Williams Decl., ¶3.) He has paid the firm nothing since early February 2016. (*Id.*) DWC worked out a payment plan with him in late December 2015, to ensure payments would be made, and Mr. Elam has not made timely payments in accordance with that plan. (*Id.*)

Since February 2016, at the latest, DWC has repeatedly requested payment from Mr. Elam and advised him that DWC could not continue as his counsel without payment. (Williams Decl., ¶4.) Mr. Elam has continued to fail to pay any of the past due amounts, and DWC has reason to believe that it will not be paid in full for any future billings on this matter if it remains counsel for Mr. Elam. (*Id.*)

DWC has requested several times since early April 2016, that Mr. Elam sign a Request for Approval of Substitution of Attorney ("Request"). (Williams Decl., ¶5.) Mr. Williams asked Mr. Elam by email on April 6, 2016 to sign and return the Request. (*Id.*) Attorney Reuven Cohen, a principal at DWC, then requested that Mr. Elam sign and return the Request on April 28, 2016. (*Id.*) Mr. Elam did not respond. On May 16, 2016, Mr.

Williams again requested by email that Mr. Elam sign and return the Request. Mr. Elam never responded. (*Id.*)

In addition to failing to answer these email communications, Mr. Elam has also not responded to several telephone calls Mr. Williams and Mr. Cohen have made to him and voice mail messages they have left. (Williams Decl., ¶6.) In fact, Mr. Elam has not communicated with DWC in any manner since April 14, 2016. (Williams Decl., ¶7.)

DWC has advised Mr. Elam in writing of all upcoming dates in this action and has recommended that Mr. Elam find new counsel. (Williams Decl., ¶9.)

There is no pending trial date. The case was administratively closed by the Court's Minute Order of January 15, 2016 (Dkt. #56), granting Plaintiff's motion to stay this action. Plaintiff filed a Motion to Lift Stay and Enter Amended Scheduling Order (Dkt. #66), which is scheduled to be heard July 11, 2016. (Williams Decl., ¶8).

## III. ARGUMENT

### A. Applicable Law

"An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." L.R. 83-2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.3.5.

Withdrawal is permitted if the client fails to pay the attorney's fees. CRPC 3-700(C)(1)(f); *see also* ABA Model Rule 1.16(b)(5) and (6) (permitting withdrawal if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client"); *Statue of Liberty-Ellis*

*Island Foundation, Inc. v. International United Industries, Inc.*, 110 FRD 395, 397 (SD NY 1986). Withdrawal is also permitted where the client makes it "unreasonably difficult for the attorney to carry out the employment effectively." CRPC 3–700(C)(1)(d).

"A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [relating to the return of client papers, property and unused advanced fees], and complying with applicable laws and rules." CRPC 3–700(A)(2).

### B. Withdrawal Is Warranted in this Case.

There is good cause for withdrawal, and the ends of justice require it, because Mr. Elam has made it impossible for DWC to represent him by his failure to communicate with DWC. He has not communicated with DWC in any manner since April 14, 2016, despite repeated attempts. (Williams Decl., ¶7.)

Mr. Elam's failure to pay a substantial portion of the total fees generated by DWC in this matter also warrant withdrawal. Mr. Elam has paid DWC nothing since early February 2016, despite multiple requests by DWC for payment and an attempt to work out a payment plan. DWC has no expectation that future billings will be paid. (Williams Decl., ¶3)

Permitting DWC to withdraw should not cause delay in prosecution of this case. L.R. 83-2.3.5. There is no trial date pending. Plaintiff filed a motion to stay this action, which the Court granted in January 2016, administratively closing the case. Plaintiff's Motion to Lift Stay and Enter Amended Scheduling Order is scheduled to be heard July 11, 2016. Plaintiff seeks by that motion a trial date in April 2017. (Williams Decl., ¶8.)

DWC has taken reasonable steps to avoid reasonably foreseeable prejudice to Mr. Elam, including making the present motion in sufficient time for him to engage other counsel. DWC has also given Mr. Elam adequate notice of its need to withdraw from this case and of this motion, allowing time for employment of other counsel. (*Id.*) Upon request, DWC stands ready to return any of Mr. Elam' papers, as required under CRPC 3–700(D). (*Id.*)

## IV. CONCLUSION

For the foregoing reasons, DWC respectfully requests that the Court grant this motion, permitting DWC, Marc S. Williams, Reuven L. Cohen, and Charles J. Snyder to withdraw as counsel for David K. Elam, II.

Dated:  June 15, 2016                       **DORDI WILLIAMS COHEN, LLP**

By: */s/ Marc S. Williams*
   Marc S. Williams
   Reuven L. Cohen
   Charles J. Snyder
   Attorneys for Defendant,
   David K. Elam, II

# DECLARATION OF MARC S. WILLIAMS

I, Marc S. Williams, hereby declare as follows:

1. I am an attorney admitted to practice before this Court and am a partner at Dordi Williams Cohen, LLP ("DWC"). I am counsel of record for Defendant David K. Elam, II, in the pending action, *Jane Doe v. David K. Elam, II*, District Court Case No. 14-CV-9788-PSG-SS. My partner, Reuven L. Cohen, and our associate, Charles J. Snyder, are also counsel of record. I make this declaration in support of DWC's Motion to Withdraw as Counsel in this action.

2. On April 12, 2015, David K. Elam, II, signed an engagement letter with DWC. Under the engagement letter, DWC and Mr. Elam agreed that DWC's fees would be charged on an hourly basis at agreed upon hourly rates, and Mr. Elam agreed to pay those fees, as well as out-of-pocket costs incurred by DWC on Mr. Elam's behalf, on a monthly basis.

3. As of the date of filing this motion, Mr. Elam has not paid a substantial portion of the fees and costs generated by DWC. In late December 2015, DWC worked out the terms of a payment schedule with Mr. Elam to ensure payments would be made. He has paid the firm nothing since early February 2016, and has failed to comply with the payment schedule.

4. Since February 2016, at the latest, my partner, Reuven Cohen, and I have made several requests for payment to Mr. Elam. We have also advised him that DWC cannot continue to represent him without payment of our fees.

5. Mr. Cohen and I have requested a number of times since early April that Mr. Elam sign a Request for Approval of Substitution of Attorney ("Request"). Mr. Cohen and I have asked Mr. Elam to sign and return the Request in at least three separate email requests. I emailed him on April 6, 2016, and on May 16, 2016, and Mr. Cohen emailed him on April 28, 2016.

6. Mr. Cohen and I have attempted to call Mr. Elam on numerous occasions during the past several months and have left several voice mail messages. Mr. Elam has not returned any of these calls.

7. Mr. Elam has not communicated with DWC in any manner since April 14, 2016.

8. Permitting DWC to withdraw should not cause unnecessary delay in this case. There is no trial date pending. Plaintiff filed a motion to stay this action, which the Court granted in January 2016, and Plaintiff's Motion to Lift Stay and Enter Amended Scheduling Order is scheduled to be heard July 11, 2016. Plaintiff seeks by that motion a trial date in April 2017.

9. Prior to filing this Motion, I advised Mr. Elam in writing of all upcoming dates in this action and recommended that Mr. Elam find new counsel.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of June, 2016 at Los Angeles, California.

*/s/ Marc S. Williams*
Marc. S. Williams