UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9788 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | Jane Doe v. David K. Elam, II | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Motion to Withdraw and DENYING Motion to Lift Stay WITHOUT PREJUDICE

Before the Court are Reuven L. Cohen, Marc S. Williams, Charles J. Snyder, and Dordi Williams Cohen, LLP's (collectively, "DWC") motion to withdraw as counsel for Defendant David K. Elam, II, and Plaintiff Jane Doe's motion to lift the stay.  Dkts. #66, 68.  The Court finds the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the supporting papers, the court GRANTS the motion to withdraw and DENIES the motion to lift the stay WITHOUT PREJUDICE.

I.     Motion to Withdraw

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court."  L.R. 83-2.3.2.  In considering a request to withdraw, courts weigh "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Realson v. Univ. Med. Pharms. Corp.*, No. 10-3476 PSG (FMOx), 2011 U.S. Dist. LEXIS 100438, at *2 (C.D. Cal. Sept. 6, 2011).  "The motion for leave to withdraw must be supported by good cause."  L.R. 83-2.3.2.  The Local Rules also impose procedural requirements.  In particular, "[a] motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action."  *Id.*

Courts also consider California State Bar Rule of Professional Conduct 3-700 ("Rule 3-700") in determinations of requests to withdraw.  *See Austin Inv. Fund, LLC v. United States*, No. SACV 11-750 DOC (ANx), 2011 WL 4947550, at *1 (C.D. Cal. Oct. 17, 2011) (factoring in Rule 3-700(C) in ruling on motions to withdraw).  Rule 3-700(C) allows an attorney to withdraw only in particular situations when there are matters pending, such as when the client "renders it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9788 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | Jane Doe v. David K. Elam, II | | |

unreasonably difficult for the member to carry out the employment effectively," or "breaches an agreement or obligation to the member as to expenses or fees."  Rule 3-700(C)(1)(d), (f).

      DWC's motion has satisfied the substantive and procedural requirements for obtaining leave to withdraw from this action.  First, DWC asserts convincing reasons for withdrawal.  Defendant has failed to pay a substantial portion of DWC's agreed-upon fees and costs, and has not paid DWC anything since February 2016, despite repeated requests for payment.  *Williams Decl.* ¶¶ 2–4.  A client's refusal to pay fees can provide sufficient grounds to grant a motion to withdraw as counsel of record in a case.  *See* Rule 3-700(C)(1)(f); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  Defendant has also not spoken to DWC since April 14, 2016, and has failed to respond to a number of phone calls and emails.  *Williams Decl.* ¶¶ 5–7; *see* Rule 3-700(C)(1)(d); *Saemie Corp. v. Coddington*, No. SACV 10-1251 DOC (PJWx), 2011 WL 4964834, at *2 (C.D. Cal. 2011) (concluding "that Defendant's failure to cooperate in discovery . . . is a classic example of client conduct that renders it unreasonably difficult for counsel to carry out employment effectively").

      Second, it does not appear that withdrawal would cause prejudice to other litigants, as Plaintiff has not opposed the motion to withdraw.  *See* Dkt. #74.  Third, DWC's withdrawal would not harm the administration of justice.  Rather, Defendant's lack of cooperation with DWC has harmed the administration of justice.  *See Hershey v. Berkeley*, No. EDCV 07-689 VAP (JCRx), 2008 U.S. Dist. LEXIS 110402, at *3–4 (C.D. Cal. Oct. 24, 2008) (granting motion to withdraw because of the plaintiff's non-responsiveness and lack of co-operation with counsel which prevented counsel from proceeding with prosecution, resulting in a breakdown of the attorney-client relationship).

      Fourth, counsel's withdrawal would not cause significant delay.  Although the parties have gone through some discovery, it appears that much of the discovery was held up by the criminal proceedings.  *See* Dkt. #47 (Motion to Stay).  Moreover, the case was stayed pending the criminal proceedings.  Dkt. #56.  As it is still early in the case, and the case is still subject to the stay order, the Court finds that the parties will not be prejudiced by withdrawal.  *See Saemie Corp.*, 2011 WL 4964834, at *2 (granting a motion to withdraw six months prior to trial date).  Thus, the Court concludes that DWC has satisfied the substantive requirements necessary to withdraw its representation of Defendant in this action.

      Fifth, the Court concludes that DWC's motion satisfies the Local Rule's procedural requirements for obtaining the Court's leave to withdraw from the action.  DWC repeatedly requested that Defendant file a substitution-of-attorney form.  When Defendant failed to respond, DWC apprised him of this motion and all upcoming dates.  *Williams Decl.* ¶¶ 5–7, 9.  DWC also filed a proof of service, which states that Defendant was served on June 15, 2016.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-9788 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | Jane Doe v. David K. Elam, II | | |

Dkt. #69. This is well in advance of the motion's August 8, 2016 hearing date. *See* Dkt. #68. Finally, the Court is satisfied that DWC has complied with all applicable rules of professional responsibility and conduct.

    The Court thus grants DWC's motion to withdraw.

II.    <u>Motion to Lift Stay</u>

    As noted, the Court stayed this case pending Defendant's criminal proceedings. *See* Dkt. #56. The criminal proceedings have since been dismissed. *See Lift Stay Mot.* 2–3. Plaintiff now moves for the Court to lift the stay and enter an amended scheduling order. *Id.* 4–6. DWC stated that it does not oppose lifting the stay or entering an amended scheduling order, but that DWC and Defendant "had a breakdown in communication, and [DWC] was unable to obtain client approval to entertain a stipulated amended scheduling order." *Lift Stay Partial Non-Opp.* 1.

    In light of DWC's inability to communicate with Defendant and the Court's grant of DWC's motion to withdraw as counsel for Defendant, the Court believes that the stay should not be lifted without allowing Defendant the opportunity to oppose the motion or otherwise weigh in. The Court therefore denies Plaintiff's motion to lift the stay without prejudice. Plaintiff may refile her motion at any point.

III.    <u>Conclusion</u>

    The Court therefore GRANTS the motion to withdraw. Reuven L. Cohen, Marc S. Williams, Charles J. Snyder, and Dordi Williams Cohen, LLP are withdrawn as counsel of record for Defendant David K. Elam, II. The Court also DENIES Plaintiff's motion to lift the stay and to enter an amended scheduling order WITHOUT PREJUDICE.

    **IT IS SO ORDERED.**