Seth Gold (SBN 163220)
seth.gold@klgates.com
Samira Torshizi (SBN 296589)
samira.torshizi@klgates.com

K&L Gates LLP
(Cyber Civil Rights Legal Project)
10100 Santa Monica Blvd.
Eighth Floor
Los Angeles, CA 90067
T: (310) 552-5000
F: (310) 552-5001

Attorneys for Plaintiff Jane Doe

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **JANE DOE**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**DAVID K. ELAM II,**<br><br>　　　　Defendant. | Case No. CV 14-9788 PSG (SS)<br><br>**[DISCOVERY DOCUMENT – REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRIVACY ACT AND PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>*[Filed concurrently with Declaration of Seth Gold]*<br><br>Date:　　　　September 5, 2017<br>Time:　　　　10:00 a.m.<br>Courtroom:　 590<br><br>Pre-Trial Conf.:　January 8, 2018<br>Trial Date:　　 January 30, 2018<br>Disc. Cut-Off:　October 24, 2017 |

**PLAINTIFF'S MOTION FOR ENTRY OF PRIVACY ACT AND PROTECTIVE ORDER**
300828791 v5

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE THAT on September 5, 2017 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 590 of the United States District Court, Roybal Federal Building and United States Courthouse, located at 255 E. Temple Street, Los Angeles California, 90012, Plaintiff Jane Doe ("Plaintiff") will and hereby does move the Court to for entry of the Privacy Act and Protective Order pursuant to 5 U.S.C. §552a, which is meant to satisfy certain privacy protections mandated by law.  A copy of the protective order is attached to this Motion as **Exhibit A**.

This Motion is made following Plaintiff's counsel's good faith attempts to meet and confer with Defendant and comply with Local Rule 37-1.  After Defendant's counsel withdrew from representing Defendant, Plaintiff served Defendant with papers relevant to the action at his last known address pursuant to Fed. R. Civ. Proc. 5 and L.R. 5-3.2.1.  Despite emails and letters seeking to meet and confer on the present motion, Defendant never responded to any of Plaintiff's efforts pursuant to L.R. 37-1 or within any period of time. As of the filing of this Motion, Defendant has refused to respond to Plaintiff's correspondence requesting a meet and confer call.

This Motion is based upon this Notice, the Memorandum of Points and Authorities set forth below, the concurrently filed Declaration of Seth Gold, and such other and further matters as the Court may deem just and proper to consider in connection with this Motion.

Dated: August 3, 2017                     By: /s/ Samira Torshizi

                                                     Seth Gold
                                                     Samira Torshizi
                                                     K&L Gates LLP
                                                     (Cyber Civil Rights Legal Project)

                                                      *Attorneys for Plaintiff Jane Doe*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jane Doe ("Plaintiff" or "Jane") filed this action to obtain redress for the personal injury, extreme distress, and other harms she suffered as a result of Defendant David K. Elam II's ("Defendant") prolonged revenge porn campaign that Defendant expressly designed to destroy her. Defendant posted intimate, sexually explicit photographs and videos of Jane on the Internet, often along with personally identifying contact information, and also engaged in other misconduct directed at her. *See* ECF No. 11 (First Amended Complaint ("FAC") ¶¶ 13, 16, 19, 21). He also sent several of these photographs to Jane's personal and professional acquaintances. *Id.* ¶¶ 14–15. Further, Defendant posed as Jane online through false profiles on dating websites, encouraging men to send sexual images of themselves to Jane and encouraging men to visit her at her home for sex. *Id.* ¶¶ 10–12, 20–21. Jane has suffered extreme injury as a result of Defendant's actions.

On June 24, 2014, a federal grand jury indicted Defendant on criminal charges in a parallel criminal action *United States v. Elam*, Case No. 2:14-CR-00368-R (C.D. Cal.) based on his revenge porn campaign and his subsequent effort to destroy evidence thereof ("Parallel Criminal Matter"). *See* Indictment, Parallel Criminal Matter, attached as Ex. A to Plaintiff's Request for Judicial Notice ("RJN"), ECF No. 42. On July 22, 2015, the original Scheduling Order in this matter was issued, setting the discovery cutoff as March 23, 2016 and trial for July 26, 2016. ECF No. 37 (Order Vacating Scheduling Conference). That Scheduling Order was based on the parties' proposed dates. ECF 35. Plaintiff proposed those dates based on the premise that Plaintiff (and Defendant) would be able to use the evidentiary record developed in the Parallel Criminal Matter in these civil proceedings, and the proposed schedule in this civil action left sufficient time for the record in the Parallel Criminal Matter to be developed prior to the discovery cutoff in the current action.

1

On November 3, 2015, trial in the Parallel Criminal Matter was continued to April 12, 2016, which was after the discovery cutoff originally scheduled in this action. *See* Order Continuing Trial Date, Parallel Criminal Matter, attached as Ex. B to Plaintiff's RJN, ECF No. 42. As a result of that continuance, the parties likely would not have been able to use the evidentiary record developed in the Parallel Criminal Matter to guide whether and to what extent they would conduct their discovery efforts in this matter. Another result was that Jane would have had to appear for deposition in this matter, and then appear again as a witness in the Parallel Criminal Matter—a duplicative and burdensome result, especially given the traumatic nature of the events Jane suffered. To serve judicial economy—i.e., to avoid having to conduct discovery and engage in motion practice on matters that likely would be addressed in the Parallel Criminal Matter, and to avoid forcing Jane to appear any more than necessary to give testimony on the sensitive issues this case raises, Plaintiff moved to stay this action pending the conclusion of the Parallel Criminal Matter. ECF No. 47 (Plaintiff's Motion For Stay). On January 15, 2016, this Court stayed proceedings in this action, pending the final adjudication of the Parallel Criminal Matter. ECF No. 56 (Order Granting Motion For Stay).

On March 21, 2016, the Parallel Criminal Matter was dismissed without prejudice pursuant to a motion made by the government. *See* Order Dismissing Indictment, Parallel Criminal Matter, attached as Ex. C to Plaintiff's RJN, ECF No. 42. Two days after the criminal Indictment against Defendant was dismissed, Plaintiff's counsel contacted Defendant's attorneys regarding a potential joint motion to lift the stay and propose a new scheduling order. Despite Plaintiff's counsel's best efforts, the parties were unable to reach an agreement on the proposed dates for the amended scheduling order.

On May 16, 2016, Plaintiff filed a motion to lift the stay and request to enter amended scheduling order. ECF No. 67 (Plaintiff's Motion to Lift Stay). On June 15, 2016, Defendant's counsel filed a motion to withdraw as counsel on the basis that

Defendant had failed to pay his fees and respond to their communications since early 2016. ECF No. 68 (Defendant's Motion to Withdraw). On August 3, 2016, this Court granted Defendant's counsel's motion to withdraw and denied Plaintiff's motion to lift stay without prejudice. ECF No. 75 (Order Granting Defendant's Motion to Withdraw). The Court further stated that "Plaintiff may refile her motion at any point." *Id.*

On October 21, 2016, in her continued effort to obtain documents and information relevant to the prosecution of her civil case, Plaintiff's counsel sent a letter to the United States Attorney's Office for the Central District of California pursuant to *United States ex rel. Touhy v. Ragan*, 340 U.S. 462 (1951) ("Touhy Request") requesting the government's records relating to the Parallel Criminal Matter. *See* Declaration of Seth Gold ("Gold Decl."), ¶ 2. In this letter, Plaintiff requested the following information:

> A. **Touhy Request No. 1:** Copies of records obtained from Internet Service Providers, email service providers, social media sites, hosting companies or other third-party online service providers relating to the online activities described in the Indictment. The request includes, but is not limited to, information regarding accounts at the following sites, as well as subscriber information for the I.P. addresses used in posting materials to those sites:
>
> OKCupid
> Xhamster.com
> Addthis.com
> Hardsextube.com
> Ugotposted.com
> Motherless.com
> Myex.com
> Tumblr.com
> Motherless.com

3

B.  **Touhy Request No. 2:** Copies of images or other forensic materials obtained from computers or other electronic devices owned by Mr. Elam or used in the online activities described in the Indictment.

C.  **Touhy Request No. 3:** Any forensic analysis of the computers or other electronic devices owned by Mr. Elam or used in the online activities described in the Indictment.

D.  **Touhy Request No. 4:** Copies of any interviews or statements relating to the Indictment, including interviews of Mr. Elam (not including interviews of Jane Doe).

On February 16, 2017, Plaintiff refiled her motion to lift the stay. ECF No. 76 (Plaintiff's Motion to Lift Stay). The Court granted Plaintiff's motion on March 28, 2017. ECF No. 81 (Order).

In the meantime, Plaintiff had been pursuing her Touhy request. On April 24, 2017, Plaintiff's counsel learned that the Department of Justice would only produce documents and information requested in the Touhy Request upon entry of a court order pursuant the Privacy Act, 5 U.S.C. § 552a. *See* Gold Decl., ¶ 3. Shortly thereafter, on May 10, 2017, Plaintiff sent a meet and confer letter to Defendant regarding Plaintiff's contemplated motion for entry of a protective order pursuant to 5 U.S.C. § 552a(b)(11) (the "Privacy Protective Order"). *Id.* at ¶ 4. In that letter, Plaintiff requested that Defendant sign a stipulation for entry of the Privacy Protective Order, which would obviate the need for Plaintiff to file her contemplated motion. *Id.* Defendant failed to respond to Plaintiff's letter. *Id.* As such, Plaintiff now seeks entry of the Privacy Protective Order through the instant motion, in order to facilitate the production of documents pursuant to her Touhy request.

## II.   LEGAL STANDARD

Pursuant to *United States ex rel. Touhy v. Ragan*, 340 U.S. 462 (1951), Plaintiff is entitled to documents and information in the Government's possession because such documents are both needed and relevant to the present civil litigation. *See Touhy*, 340

U.S. at 470 (holding that reports in the possession of a subordinate officer of the Treasury should be produced because the reports were needed in the state litigation).

To avoid unrestricted disclosure of government department documents, the Government requires that for certain types of documents a protective order be entered pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11). The relevant portion of the Privacy Act states that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains, unless disclosure of the record would be ... pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

The Privacy Act thus "expressly authorizes disclosure of information 'pursuant to the order of a court of competent jurisdiction.'" *Gilbreath v. Guadalupe Hosp. Found. Inc.*, 5 F.3d 785, 791 (5th Cir. 1993). Further, where documents are subject to the Privacy Act, it does not necessarily follow that those documents are exempt from discovery. *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987) ("The Privacy Act ... does not create a qualified discovery privilege as that concept is generally understood, and we find no basis in the statute or its legislative history for inferring one."); *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984); *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980). On the contrary, information that is subject to the Privacy Act is discoverable if it satisfies the relevancy standard under Rule 26(b)(1). *See Ford Motor Co. v. United States*, 825 F. Supp. 1081, 1083 (Ct. Int'l Trade 1993) ("In assessing discovery requests based on 5 U.S.C. § 552a(b)(11), courts need only apply the ordinary relevancy standard set forth in Fed.R.Civ.P. 26(b)(1) (FRCP)."); *see also Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987) ("a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 23(b)(1) of the FRCP").

5

### III. GOOD CAUSE EXISTS FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, the Court may enter a protective order in any matter where good cause is shown. Here, good cause exists.

As this Court is aware, the allegations underlying this case and the Parallel Criminal Matter overlap extensively. Indeed, as discussed in Plaintiff's motion to stay this case pending resolution of the Parallel Criminal Matter, the similarity of the issues involved in both cases had the potential to eliminate the need for duplicative discovery and potentially narrow the issues that would need to be litigated in this case. *See* ECF No. 47 (Plaintiff's Motion For Stay at p. 6-7). Although the Parallel Criminal Matter did not continue to trial, the documents encompassed by Plaintiff's Touhy Request continue to be relevant in this case and likely necessary for Plaintiff's prosecution of her case.

Defendant's counsel has withdrawn from this case and Defendant is proceeding *pro se*. To date, Defendant has been unresponsive to all of Plaintiff's attempts to meet and confer regarding various discovery issues in this case, including a meet and confer regarding this motion. As such, Plaintiff must utilize other avenues of discovery in order to obtain documents that support her allegations in her complaint. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified and necessary in this matter.

Pursuant to the Government's request, Plaintiff has prepared the proposed Privacy Act and Protective Order narrowly tailored to certain documents and that sufficiently protects Defendant's privacy interests under the Privacy Act. The Privacy Act and Protective Order limits disclosure of any of the protected information to any person unless the disclosure is reasonably and in good faith calculated to aid in the

prosecution or defense of litigation in this court action. The Privacy Act and Protective Order also requires any party that intends to submit protected information to the Court to seek leave to file the document under seal or subject to a further protective order setting forth in their motion the reasons for protecting certain information against public dissemination.  For these and the other reasons stated herein, Plaintiff respectfully that good cause exists for, and requests that the Court enter, the Privacy Act and Protective Order.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Entry of Privacy Act and Protective Order.

Dated: August 3, 2017                    By: /s/ Samira Torshizi

Seth Gold
Samira Torshizi
K&L Gates LLP
(Cyber Civil Rights Legal Project)

*Attorneys for Plaintiff Jane Doe*