**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>     v.<br><br>DAVID K. ELAM II,<br><br>             Defendant. | Case No. CV 14-9788 PSG (SSx)<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS   [Dkt. No. 83]** |

**I.**

**INTRODUCTION**

Pending before the Court is Plaintiff Jane Doe's Motion to Compel Responses to Document Requests, ("Motion," Dkt. No. 83), including the declaration of counsel Seth Gold, ("Gold Decl.," Dkt. No. 84), and a Request for Judicial Notice.[1]  ("RJN," Dkt. No. 85). Defendant David K. Elam II has neither filed an Opposition to the Motion nor requested an extension of time in which to do so.  On

---
[1] Plaintiff represents that despite her many requests to engage in the meet and confer process, Defendant refused to cooperate or even respond to the requests.  (Motion at 1).  Accordingly, the Motion was not presented in the form of a Joint Stipulation.

August 30, 2017, the Court took the matter under submission without a hearing pursuant to Local Rule 7-15. For the reasons stated below, the Motion is GRANTED IN PART and DENIED IN PART.

## II.

## BACKGROUND FACTS

Plaintiff alleges that after she and Defendant ended their relationship, Defendant conducted a "revenge porn" campaign against her in which he "posted intimate, sexually explicit photographs and videos" of her on porn websites and posed as her online through false profiles on dating websites. (Motion at 2; see also First Amended Complaint ("FAC"), Dkt. No. 11, ¶¶ 10-24). Based at least in part on evidence seized from Defendant's residence pursuant to a search warrant issued in September 2013, (RJN, Exh. B (search warrant)), a federal grand jury indicted Defendant on June 24, 2014, on criminal charges based on his "revenge porn" campaign and his subsequent effort to destroy evidence of that campaign. (Id., Exh. A (indictment)).[2] Plaintiff filed the instant civil action

---

[2] Plaintiff asks the Court to take judicial notice of the grand jury indictment against Defendant and the search warrant used to search his residence for evidence of the crime. (RJN at 2 & Exhs. A-B). "[N]otice may be taken where the fact is 'not subject to reasonable dispute,' either because it is 'generally known within the territorial jurisdiction,' or is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" Castillo-Villagra v. I.N.S., 972 F.2d 1017, 1026 (9th Cir. 1992) (quoting Fed. R. Evid. 201(b)). The RJN is GRANTED because these court records are capable of "accurate and ready determination." See, e.g., United States v. Daychild, 357 F.3d 1082, 1099 (9th Cir. 2004) (district court may take judicial notice of the fact that an indictment was properly returned); Andreen v. Lanier, 573 F. Supp. 2d 1, 2 n.1 (D. D.C. 2008) (taking judicial notice of a search warrant and affidavit).

alleging copyright infringement and various state law statutory and tort causes of action on December 22, 2014.

Plaintiff served a First Set of Requests for Production of Documents ("RFP") on July 17, 2015. (Gold Decl. ¶ 2 & Exh. A). The RFPs seek documents related to: the websites that Defendant allegedly used in his "revenge porn" campaign, (RFP Nos. 1-16); Defendant's use of certain IP addresses, (RFP Nos. 17-18); his phone records (RFP No. 19); his communications with Plaintiff, (RFP No. 20); his private images of Plaintiff, (RFP No. 21); documents provided to him by any law enforcement agency in connection with the underlying criminal action, (RFP No. 22); and documents that support his affirmative defenses, (RFP No. 23). (See Motion at 8-9; see also Gold Decl. ¶ 2 & Exh. A).

Defendant, through counsel, served Objections on August 19, 2015. (Id. ¶ 3 & Exh. B). Defendant asserted a blanket objection to each of the RFPs under the Fifth Amendment, stating:

> Defendant is a defendant in a pending criminal action brought by the United States Attorney's Office for the Central District of California, and based on the advice of legal counsel, Defendant respectfully asserts his privilege under the Fifth Amendment to the United States Constitution and declines to respond to each and every one of the requests for production of documents and things in the Request. On that basis, at this time, Defendant will not attest to the existence or non-

3

existence of any documents responsive to the Requests and will not produce any documents that may be responsive to the Requests.

(Id. at 2) (footnote omitted). In addition to asserting his Fifth Amendment rights, Defendant "specifically" objected to each of the RFPs in a set of identical boilerplate objections, claiming, inter alia, that each of the requests was irrelevant, unduly burdensome, and overly broad, and improperly sought documents protected from disclosure pursuant to Defendant's right to privacy, the attorney-client privilege, and the work product doctrine. (See generally id. at 3-14).

On December 10, 2015, Plaintiff moved to stay the instant civil action pending the outcome of Defendant's criminal case, (Dkt. No. 47), which the Court granted on January 15, 2016. (Dkt. No. 56). The criminal matter was dismissed without prejudice on March 21, 2016 pursuant to a motion made by the government. (Motion at 3) (citing Dkt. No. 78, Exh. C (order dismissing)). On June 15, 2016, Defendant's counsel filed a motion to withdraw from the representation due to Defendant's failure to pay his fees and respond to his communications, (Dkt. No. 68), which the Court granted on August 3, 2016.[3] (Dkt. No. 75). It is unclear to the Court whether the government remains interested in any criminal prosecution of Defendant.

---

[3] Defendant has proceeded in propria persona since the Court granted counsel's motion to withdraw. (Motion at 4).

Plaintiff moved to lift the stay on February 16, 2017, (Dkt. No. 76), which the Court granted on March 28, 2017. (Dkt. No. 81). This Motion followed on July 7, 2017. Plaintiff seeks responses to all twenty-three RFPs in the First Set of Requests on the grounds that the Fifth Amendment does not protect the documents at issue from disclosure and Defendant's boilerplate objections are unsupported and inapplicable.

## III.

## DISCUSSION

**A.    The Fifth Amendment**

The Fifth Amendment provides that "No person . . . shall be compelled in any criminal case to be a witness against himself." "The Fifth Amendment's protection 'applies only when the accused is compelled to make a testimonial communication that is incriminating.'" Baltimore City Dep't of Soc. Servs. v. Bouknight, 493 U.S. 549, 554 (1990) (quoting Fisher v. United States, 425 U.S. 391, 408 (1976)).

The Fifth Amendment privilege against self-incrimination applies in civil proceedings. United States v. Balsys, 524 U.S. 666, 671–72 (1998). "However, in the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." Doe ex rel.

5

Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1263 (9th Cir. 2000). Furthermore, while "[p]arties are free to invoke the Fifth Amendment in civil cases, . . . the court is equally free to draw adverse inferences from their failure of proof." S.E.C. v. Colello, 139 F.3d 674, 677 (9th Cir. 1998) (citing Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)).

It is well settled that "a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief" where "the creation of those documents was not 'compelled' within the meaning of the privilege." United States v. Hubbell, 530 U.S. 27, 35-36 (2000). A person may refuse to produce such documents on the basis of the Fifth Amendment privilege against self-incrimination only if the act of producing the documents has an incriminating testimonial aspect. The act of production constitutes protected testimonial communication when it entails "implicit statements of fact," such as where, "by producing documents, . . . the witness would admit that the papers existed, were in his possession or control, and were authentic." Id. at 36 n.19; see also In re Grand Jury Subpoena, 383 F.3d 905, 909 (9th Cir. 2004) ("By producing documents in compliance with a subpoena, the witness admits that the documents exist, are in his possession or control, and are authentic. These types of admissions implicitly communicate statements of fact that may lead to incriminating evidence.") (citations omitted).

The Fifth Amendment is not implicated when a defendant merely turns over information already in the possession of the Government.

6

As the Ninth Circuit has explained, where the "existence and location of the papers are a foregone conclusion and the [defendant] adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers,'" production of the documents "does not touch upon constitutional rights." United States v. Sideman & Bancroft, LLP, 704 F.3d 1197, 1202 (9th Cir. 2013) (internal quotation marks and citations omitted); see also Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir. 1974) (Fifth Amendment did not protect defendant's records from production in civil action, "even if the records were incriminating," because "[a]ny incriminating information was already in the hands of the prosecuting authorities"); eBay, Inc. v. Digital Point Solutions, Inc., 2010 WL 147967, at *8 (N.D. Cal. Jan. 12, 2010) ("While the Fifth Amendment prohibits compelling acts that are testimonial and incriminating, Defendants cannot incriminate themselves merely by turning over information already in the hands of the government agents investigating them.") (internal citation omitted). For the "foregone conclusion" exception to apply, the government must already be aware of: "the documents' existence, the documents' authenticity and respondent's possession or control of the documents." Sideman & Bancroft, 704 F.3d at 1202.

The majority of the RFPs track the list in the Search Warrant ("SW") of the items to be seized from Defendant's residence. These RFPs do not implicate Fifth Amendment concerns because the materials requested are already in the Government's possession. For example, RFP No. 1 seeks: "All DOCUMENTS that RELATE TO the

login or user account 'nee_coal' at www.okcupid.com, INCLUDING DOCUMENTS that reflect and/or RELATE TO the PUBLICATION of any of PLAINTIFF'S PRIVATE IMAGES AND VIDEOS, or PLAINTIFF'S PRIVATE INFORMATION." (Gold Decl., Exh. B at 3). Item 1.c.i. of the Search Warrant authorizes the seizure of "records and tangible objects related to . . . all login accounts to include account 'nee_coal' at www.okcupid.com." (RJN, Exh. B, at 48) (consecutive pagination). RFP Nos. 2, 8-10, and 12-21 likewise have "exact matches" in the Search Warrant.[4] Production of documents in this civil case responsive to those RFPs would not subject Defendant to any greater risk of criminal prosecution because the Government is already aware of the documents' existence, their authenticity, and Defendant's possession of and control over them. Accordingly, the physical act of producing them is neither "testimonial" nor "incriminating" for purposes of the Fifth Amendment, regardless of their contents. Plaintiff's Motion is GRANTED as to RFP Nos. 1-2, 8-10, and 12-21.

---

[4] Compare RFP No. 2 & SW 1.c.ii. (documents relating to Plaintiff in the "nee_coalaa" account at www.xhamster.com); RFP No. 8 & SW 1.c.iii (www.xtube.com); RFP No. 9 & SW 1.c.v. (www.thedirty.com); RFP No. 10 & SW 1.c.viii. (www.ugotposted.com); RFP No. 12 & SW 1.c.vii. ("Concerned 21" at www.slideshare.com); RFP No. 13 & SW 1.c.vi. ("Nee_coal" at www.twitter.com); RFP No. 14 & SW 1.c.ix. ("oneloncerned@yahoo.com" at yahoo.com); RFP No. 15 & SW 1.c.iv. ("ikedi.onyemaobim@pepperdine.edu" at www.addthis.com); RFP No. 16 & SW 1.c.iv. ("kennethstar@pepperdine.edu" at www.addthis.com); RFP No. 17 & SW 1.f. (IP addresses 108.44.64.18, 108.44.65.61, 108.4.173.180, and 212.117.180.65); RFP No. 18 & SW 1.g. (psilotorlu.torservers.net); RFP No. 19 & SW 1.(h-j) (two specific telephone numbers (redacted)); RFP No. 20 & SW 1.b (communications with Plaintiff); and RFP No. 21 & SW 1.d (photographs and videos of Plaintiff).

The Motion is also GRANTED as to RFP Nos. 22 and 23. RFP No. 22 seeks documents relating to Defendant's criminal action that were provided to Defendant during discovery by the Government. By definition, the Government is aware of these documents. RFP No. 23 seeks documents supporting Defendant's affirmative defenses. By definition, these materials are not incriminating. As such, neither RFP No. 22 nor RFP No. 23 implicates the Fifth Amendment.

However, the remaining six RFPs seek documents related to websites that were not identified individually in the Search Warrant and therefore merit separate consideration. See Glanzer, 232 F.3d at 1265 ("[I]n a civil case, the Fifth Amendment's protections against self-incrimination are invoked on a question-by-question basis, and therefore the assertion of the privilege necessarily attaches only to the question being asked and the information sought by that particular question." (internal citation omitted)); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) (blanket assertion of Fifth Amendment privilege to entire set of interrogatories was improper where the "danger of incrimination [was] not evident from the implications" of several specific interrogatories); Brock v. Gerace, 110 F.R.D. 58, 62 (D. N.J. 1986) ("A blanket invocation of the Fifth Amendment privilege [against self-incrimination] is not permitted; it must instead be asserted on a question-by-question basis so that the propriety of invoking the privilege can be tested against specific circumstances or questions."). While the Fifth Amendment does not apply to the vast majority of RFPs propounded, it is unclear, on the record presented to the Court, whether the Government has in its possession the full

range of documents, if any, in Defendant's possession related to the sites at issue in RFP Nos. 3-7 and 11.

RFP Nos. 3, 7 and 11 seek materials from sites specifically mentioned in the Indictment but not in the Search Warrant. The fact that the sites are mentioned in the Indictment reflects the Government's awareness of at least one or more documents responsive to the Request related to each site. RFP No. 3 seeks documents concerning Plaintiff that are related to accounts that Defendant had access to or created at www.hardsextube.com. (Gold Decl., Exh. B at 4). The Indictment states that "[o]n or about May 12, 2013, defendant ELAM used the Internet to upload to the pornographic website hardsextube.com at least one sexually explicit video of [Plaintiff] . . . ." (RJN, Exh. A at 4). Similarly, RFP No. 7 seeks documents related to accounts that Defendant created or had access to at www.motherless.com. (Gold Decl., Exh. B at 6). The Indictment states that "[o]n or about July 19, 2013, defendant ELAM used the Internet to upload to the pornographic website motherless.com a sexually explicit video of [Plaintiff]." (RJN, Exh. A at 4). Finally, RFP No. 11 seeks documents related to accounts that Defendant created or had access to at www.facebook.com. (Gold Decl., Exh. B at 8). The Indictment states that on May 8, 2013, Defendant unlawfully obtained information from a Facebook account in Plaintiff's name. (RJN, Exh. A at 5).

Because these sites are specifically mentioned in the Indictment, the Government is plainly aware that Defendant

10

allegedly posted a video of Plaintiff on hardsextube.com and motherless.com, and obtained some information from a Facebook account in Plaintiff's name. However, because these websites were not explicitly listed in the Search Warrant, it is uncertain whether the Government is aware of all of Defendant's postings or activities at these sites. Producing documents related to these sites of which the Government is not presently aware could be testimonial and incriminating because by the very fact of production, Defendant would be admitting that these previously unknown materials exist, are authentic, and are in Defendant's possession. Accordingly, the Court GRANTS IN PART Plaintiff's Motion with respect to RFP Nos. 3, 7 and 11. Defendant will be required to produce materials responsive to these Requests only to the extent that he has knowledge that the evidence relating to these websites is already in the Government's possession, because, for example, the Government produced copies of the materials to Defendant in the underlying criminal matter. However, Defendant will not be required to produce materials in response to RFP Nos. 3, 7 and 11 absent such confirmation, at least at this time.

Finally, RFP Nos. 4, 5 and 6 seek materials related to websites that are neither explicitly listed in the Search Warrant nor mentioned by name in the Indictment. These RFPs seek documents concerning Plaintiff related to accounts that Defendant created or accessed at www.mysex.com (RFP No. 4), www.adultspace.com (RFP No. 5), and www.tumblr.com (RFP No. 6). (Gold Decl., Exh. B at 4-5). Plaintiff argues in the Motion that these documents are encompassed by Item 1.d. in the Search Warrant, which broadly authorizes the

11

seizure of "photographs and videos that depict [Plaintiff]." (Motion at 7 & RJN, Exh. A at 2). However, Plaintiff has not presented any evidence showing that the Government had or has any awareness of Defendant's alleged use of these three websites. On this record, production of materials related to these three websites, if any such materials exist, would be testimonial because it would alert the Government to the fact of the documents' existence, their authenticity, and Defendant's possession of them. Accordingly, Defendant's Fifth Amendment rights would be implicated by providing a further response to RFP Nos. 4, 5, and 6. As such, Plaintiff's Motion is DENIED with respect to those three Requests, at least at this time. If Plaintiff later provides evidence that the Government is in fact aware of Defendant's use of these particular websites, Plaintiff may renew its request.

B.  **Boilerplate Objections**

Defendant's identical boilerplate objections asserted in response to each of the RFPs do not provide a basis for withholding production of materials not already protected from disclosure by the Fifth Amendment. Federal Rule of Civil Procedure 34 requires that responses to requests for production either "state that inspection and related activities will be permitted as requested or state <u>with specificity</u> the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). Boilerplate objections do not satisfy that burden and are presumptively insufficient. See <u>Leibovitz v. City of New York</u>, 2017 WL 462515, at *2 (S.D. N.Y. June 16, 2017) (collecting cases

for proposition that the Federal Rules prohibit "general" or "boilerplate" objections); Lofton v. Verizon Wireless (VAW) LLC, 308 F.R.D. 276, 282 (N.D. Cal. 2015) ("boilerplate objections are insufficient" discovery responses under the Federal Rules); Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005) (boilerplate objections are insufficient to assert a privilege).

Defendant's objections based on relevance are not well taken. The majority of the RFPs seek documents related to the websites and online accounts that Defendant allegedly used to conduct his "revenge porn" campaign and therefore target the core issues in the instant lawsuit. Defendant's cursory "unduly burdensome" objections are similarly without merit, as Defendant does not even attempt to explain what would be burdensome about the production. Furthermore, "[t]he fact that production of documents will be time consuming and expensive is not ordinarily a sufficient reason to deny a motion to compel . . . if the requested material is relevant and necessary to the discovery of admissible evidence." Mathis v. Cnty. of Lyon, 2012 WL 1574816, at *4 (D. Nev. May 3, 2012) (citing In re Toys "R" Us-Delaware, Inc. Litig., 2010 WL 494264, at *6 (C.D. Cal. July 29, 2010)). Defendant's summary objections that the Requests are "overly broad," without explanation, also fail.

Defendant's privacy and privilege objections are equally unsupportable. "[T]he right to privacy is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs." E.E.O.C. v. California Psychiatric

13

Transitions, 258 F.R.D. 391, 395 (E.D. Cal. 2009); see also Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted."). Here, the RFPs, fairly construed, target documents in Defendant's possession that specifically relate to Plaintiff. Plaintiff's need for documents about her in Defendant's possession plainly outweighs Defendant's desire for privacy as to those materials. It is similarly unclear how the core documents sought by the RFPs -- evidence of Defendant's Internet postings in furtherance of his "revenge porn" campaign -- could be construed as "attorney work product" or qualify for protection from disclosure pursuant to the attorney-client privilege. However, to the extent that Defendant does have in his possession communications with his former counsel that fall under the privilege, he may assert the attorney-client privilege with respect to individual documents in a privilege log. Broad, boilerplate assertions of privilege will not suffice to withhold production of documents related to documents that Defendant created prior to being represented by counsel in his alleged perpetration of the "revenge porn" campaign.

## IV.

## CONCLUSION

Plaintiff's Motion is GRANTED IN PART. The Motion is GRANTED with respect to RFP Nos. 1-2, 8-10, and 12-23. The Motion is GRANTED IN PART with respect to RFP Nos. 3, 7 and 11 to the extent

14

that Defendant has knowledge of the Government's possession of documents responsive to these three RFPs. The Motion is DENIED with respect to RFP Nos. 4, 5 and 6. Defendant is ORDERED to supplement his written responses and serve all non-privileged documents in his possession, custody or control responsive to the RFPs as required by this Order within **fourteen days** from the date of this Order.

IT IS SO ORDERED.

DATED: September 8, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE