Seth Gold (SBN 163220)
seth.gold@klgates.com
Samira F. Torshizi (SBN 296589)
samira.torshizi@klgates.com
David R. Osipovich (*pro hac vice*)
david.osipovich@klgates.com

K&L Gates LLP
(Cyber Civil Rights Legal Project)
10100 Santa Monica Blvd.
Eighth Floor
Los Angeles, CA 90067
Tel: (310) 552-5000
Fax: (310) 552-5001

Attorneys for Plaintiff Jane Doe

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **JANE DOE** <br><br> Plaintiff, <br><br> v. <br><br> **DAVID K. ELAM II,** <br><br> Defendant. | Case No. CV 14-9788 PSG (SS) <br><br> **[DISCOVERY MATTER: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]** <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER OF RECOMMENDATION TO DISTRICT COURT JUDGE FOR NON-MONETARY SANCTIONS AND/OR FOR MONETARY AND OTHER SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *[Filed concurrently with Declaration of Counsel and Proposed Order]* <br><br> Date:            October 17, 2017 <br> Time:            10:00 a.m. <br> Courtroom:   590 <br><br> Pre-Trial Conf.:   January 8, 2018 <br> Trial Date:          January 30, 2018 <br> Disc. Cut-Off:     October 24, 2017 |

1

**PLAINTIFF'S NOTICE OF MOTION FOR SANCTIONS**

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE THAT on October 17, 2017 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 590 of the United States District Court, Roybal Federal Building and United States Courthouse, located at 255 E. Temple Street, Los Angeles California, 90012, Plaintiff Jane Doe ("Plaintiff") will and hereby moves this Court for an order pursuant to Federal Rule of Civil Procedure 37 recommending to the District Court Judge that Judgment be Entered in Plaintiff's Favor, that Defendant's answer be Stricken, or that Defendant be Precluded from Offering Evidence in Defense of Plaintiff's Claims or, in the alternative, for an Order Compelling Defendant's Appearance at Deposition pursuant to Federal Rule of Civil Procedure Rule 30 Deposition by Oral Examination. Plaintiff also unconditionally requests by this motion an order awarding Plaintiff reasonable fees and expenses associated with Defendant's failure to appear for his deposition.   As set forth in the Osipovich Dec., this amount totals $5,414.87.

This Motion is made following Plaintiff's counsel's good faith attempts to meet and confer and comply with Local Rule 37.  On August 8, 2017, Plaintiff properly noticed Defendant's deposition to take place on August 29, 2017 at a location near Defendant's last known address.  Declaration of David R. Osipovich in Support of Plaintiff's Motion For Sanctions and to Compel Defendant's Deposition (the "Osipovich Dec."), at ¶ 2.  Plaintiff's counsel served the deposition on the Defendant at his last-known address via the US Postal Service on August 8, 2017, as well as via e-mail on August 9, 2017.  *Id.* at ¶¶ 3, 4.  Plaintiff's counsel sent the Defendant a reminder regarding his scheduled deposition on August 25, 2017, and attempted to reach the Defendant by telephone at three different telephone numbers with which his name is associated in public records.  *Id.* at ¶¶ 5, 6.  After the Defendant failed to attend the scheduled deposition, Plaintiff's counsel sent him a letter requesting a Local Rule 37 meet-and-confer telephone conference.  *Id.* at ¶¶ 7, 9.  Plaintiff has entirely ignored this letter and has failed to communication with Plaintiff's counsel in any way

regarding his deposition. *Id.* at ¶ 10.

Accordingly, Plaintiff brings this Motion pursuant to L.R. 37-2.4, and submits a declaration of David R. Osipovich in support of invoking this procedure for moving to compel. This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of David R. Osipovich, the attached exhibits, the complete records and file in this action, and upon any other such oral or documentary evidence as may be presented prior to or at the hearing of this Motion.

Specifically, this Motion is made on the following grounds:

Plaintiff seeks a recommendation to the District Court Judge that default judgment be entered against Defendant for his failure to appear pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vi).  If the Court is unwilling to issue such order, then Plaintiff seeks an order recommending that Defendant's answer be stricken in its entirety under Federal Rule of Civil Procedure 37(b)(2)(A)(iii).  If the Court is unwilling to make a recommendation that default judgment be entered or that the Defendant's answer be stricken, then Plaintiff requests an order recommending that Defendant is prohibited from introducing any evidence in defense of Plaintiff's claims under Federal Rule of Civil Procedure 37(b)(2)(A)(ii).

In the alternative, if the Court is unwilling to make any of the above recommendations to the District Court Judge, then Plaintiff requests an order compelling Plaintiff to appear for a Rule 30 deposition immediately at a date, time, place and location of Plaintiff's choosing.

Also, as stated above, Plaintiff unconditionally requests an order of monetary sanctions in the amount of $5,404.87.

**PLAINTIFF'S NOTICE OF MOTION FOR SANCTIONS**

**K&L GATES LLP**

Dated: September 15, 2017        By:  /s/ Samira F. Torshizi
                                      Seth Gold
                                      Samira Torshizi
                                      David R. Osipovich
                                      K&L Gates LLP
                                      (Cyber Civil Rights Legal Project)

                                      *Attorneys for Plaintiff Jane Doe*

**PLAINTIFF'S NOTICE OF MOTION FOR SANCTIONS**

1  Seth Gold (SBN 163220)
   seth.gold@klgates.com
2  Samira Torshizi (SBN 296589)
   samira.torshizi@klgates.com
3  David R. Osipovich
   david.osipovich@klgates.com (*pro hac*
4  *vice*)

5
   K&L Gates LLP
6  (Cyber Civil Rights Legal Project)
   10100 Santa Monica Blvd.
7  Eighth Floor
   Los Angeles, CA 90067
8  Tel: (310) 552-5000
   Fax: (310) 552-5001
9
   Attorneys for Plaintiff Jane Doe
10

11              UNITED STATES DISTRICT COURT

12       CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

13  **JANE DOE**                    Case No. CV 14-9788 PSG (SS)

14                 Plaintiff,
                                    **[DISCOVERY MATTER:**
15        v.                        **REFERRED TO MAGISTRATE**
                                    **JUDGE SUZANNE H. SEGAL]**
16
17  **DAVID K. ELAM II,**           **MEMORANDUM OF POINTS AND**
                                    **AUTHORITIES IN SUPPORT OF**
                   Defendant.       **PLAINTIFF'S MOTION FOR**
18                                  **SANCTIONS**
19

20
                                    Date:         October 17, 2017
21                                  Time:         10:00 a.m.
                                    Courtroom:    590
22
                                    Pre-Trial Conf.:  January 8, 2018
23                                  Trial Date:       January 30, 2018
                                    Disc. Cut-Off:    October 24, 2017
24

25

26

27

28

                    **MEMORANDUM OF POINTS AND AUTHORITIES**
                    **IN SUPPORT OF MOTION FOR SANCTIONS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   <u>INTRODUCTION</u>

This Motion is made following Plaintiff Jane Doe's ("Plaintiff") good faith attempts to schedule a meet and confer with Defendant David K. Elam II ("Defendant") pursuant to Central District of California Local Rule ("L.R.") 37-1 regarding his failure to object to or attend his properly-noticed deposition and his refusal to communicate with Plaintiff's counsel regarding that deposition. As of the date of the filing of this Motion, Defendant has not responded to Plaintiff's attempts to engage in the meet and confer process, thus necessitating the filing of this Motion.

## II.   <u>RELEVANT FACTUAL SUMMARY AND DISCOVERY DISPUTE</u>

Plaintiff filed this civil action to obtain redress for the personal injury, extreme distress, and other harms she suffered as a result of Defendant's prolonged revenge porn campaign expressly designed by Defendant to destroy her.  Defendant posted intimate, sexually explicit photographs and videos of Plaintiff on the Internet, often along with her personal contact information, and other misconduct directed at her. *See* EFC No. 11 (First Amended Complaint ("FAC") at ¶¶ 13, 16, 19, 21. Defendant also sent several of these photographs to Plaintiff's personal and professional acquaintances.   *Id.* at ¶¶ 14-15. Further, Defendant posed as Plaintiff online through false profiles on dating websites, encouraging men to send Plaintiff sexual images of themselves and to visit her at her home for sex. *Id*. at ¶¶ 10-12, 20-21.

On August 8, 2017, Plaintiff served on Defendant Plaintiff's Notice of Deposition of Defendant David K. Elam II (the "Deposition Notice"), scheduling the Defendant's deposition for August 29, 2017.  Osipovich Dec. at ¶¶ 2-4, Exh. A-C. The Defendant has never objected to the Deposition Notice or responded to it in any way.  *Id.* at ¶ 11.  Plaintiff's counsel even attempted to contact the Defendant by telephone and e-mail on August 25, 2017, several days before the deposition, in order to remind the Defendant of his scheduled deposition.  *Id.* at ¶ 5-6.  In one of Plaintiff's counsel's telephone calls to a telephone number Plaintiff understood to be

1

Defendant's number, a man answered the call, represented that he was Defendant's brother, and then hung up after Plaintiff's counsel identified himself and the purpose of the call. *Id* at ¶ 5.

Plaintiff failed to appear for his scheduled deposition on August 29, 2017. *Id.* at ¶ 7. On August 29, 2017, Plaintiff's counsel sent the Defendant a letter via the US Postal Service and e-mail, requesting a meet and confer conference regarding Defendant's deposition pursuant to Federal Rule of Civil Procedure 37 and United States District Court for the Central District of California Local Rule 37-1. *Id.* at ¶ 9, Ex. F. Defendant has never responded in any way to the August 29, 2017 letter. *Id.* at ¶ 10. Defendant's failure to appear for his deposition resulted in $1,037.37 in expenses and $4,377.50 in attorneys' fees. *Id.* at ¶ 8.

## III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 30 permits parties, without leave of court, to "by oral questions, depose any person, including a party...", where the deposition would not "result in more than 10 deposition being taken." Federal Rule of Civil Procedure 37(a)(3)(B)(i) permits parties to move to compel discovery from another party that has failed to comply with Rule 30. Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the court may order sanctions if "a party … fails, after being served with proper notice, to appear for that person's deposition…."

Federal Rule of Civil Procedure 37(d)(1)(B)(3) provides that "the court must require the party failing to act … to pay the reasonable expenses, including attorneys' fees, caused by the failure…."

In addition, that section states that the sanctions listed in Rule 37(b)(2)(A)(i)—(vi) are also available for a violation of Rule 37(d).

With respect to this dispute, the following sanctions as set forth in Rule 37(b)(2)(A)(i)—(vi) are appropriate for Defendant's failure to appear at his deposition in this matter:

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS**

- 37(b)(2)(A)(ii): prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- 37(b)(2)(A)(iii): striking pleadings in whole or in part;
- 37(b)(2)(A)(vi): rendering a default judgment against the disobedient party.

## IV.   **ARGUMENT**

Defendant failed to object to or appear for a properly noticed deposition.   He did so even after several reminders in advance of the deposition.  He failed to apprise Plaintiff's counsel that he would not attend, thereby forcing Plaintiff's counsel to incur the expense and fees of travelling to Philadelphia, Pennsylvania – the Defendant's last known location.  He has also failed to engage with Plaintiff in any communications or meet and confers regarding this dispute.  As shown in the record in Plaintiff's other motions, Defendant's failure to appear for deposition has been part of a pattern of refusing to participate in this litigation. (*See* Dkt. Nos. 83-85; 87-88.) Plaintiff is therefore entitled to the full relief available pursuant to Federal Rules of Civil Procedure 30 and 37.

Under these egregious circumstances, Plaintiff seeks a recommendation to the District Court Judge that default judgment be entered against Defendant for his failure to appear. Fed. R. Civ. P. 37(b)(2)(A)(vi).  If the Court is unwilling to issue such order, then Plaintiff seeks an order recommending that Defendant's answer be stricken in its entirety.  Fed. R. Civ.P.  37(b)(2)(A)(iii).   If the Court is unwilling to make a recommendation that default judgment be entered or that the Defendant's answer be stricken, then Plaintiff requests an order recommending that Defendant is prohibited from introducing any evidence in defense of Plaintiff's claims.  Fed. R. Civ. P. 37(b)(2)(A)(ii).

In the alternative, if the Court is unwilling to make any of the above recommendations to the District Court Judge, then Plaintiff requests an order

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS**

compelling Plaintiff to appear for Rule 30 deposition immediately at a date, time, place and location of Plaintiff's choosing, but before the October 24, 2017 cutoff.

Plaintiff also unconditionally requests by this motion an order awarding Plaintiff reasonable fees and expenses associated with Defendant's failure to appear for his deposition.   As set forth in the accompanying declaration of David Osipovich, this amount totals $5,414.87.

## V.  **CONCLUSION**

For the foregoing reasons, Plaintiff Jane Doe respectfully requests this Court grant this Motion.

K&L GATES LLP

Dated: September 15, 2017          By:  /s/ Samira F. Torshizi
                                        Seth Gold
                                        Samira Torshizi
                                        David R. Osipovich
                                        K&L Gates LLP
                                        (Cyber Civil Rights Legal Project)

                                        *Attorneys for Plaintiff Jane Doe*

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS**