| | |
|---|---|
| 1 | Seth Gold (SBN 163220) |
| | seth.gold@klgates.com |
| 2 | Samira F.Torshizi (SBN 296589) |
| | samira.torshizi@klgates.com |
| 3 | K&L Gates LLP |
| | 10100 Santa Monica Blvd., Eighth Floor |
| 4 | Los Angeles, CA 90067 |
| | T: (310) 552-5000 |
| 5 | F: (310) 552-5001 |
| 6 | Peter Soskin (SBN 280347) |
| | peter.soskin@klgates.com |
| 7 | K&L Gates LLP |
| | 4 Embarcadero Center Ste. 1200 |
| 8 | San Francisco, CA 94111 |
| | T: (415) 882-8200 |
| 9 | F: (415) 882-8220 |
| 10 | Attorneys for Plaintiff Jane Doe |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jane Doe** | Case No. CV 14-9788 PSG (SS) |
| Plaintiff, | **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL: PLAINTIFF'S WITNESS LIST** |
| vs. | |
| **David K. Elam II,** | |
| Defendant. | Hon. Phillip S. Gutierrez |
| | Pre-Trial Conf: January 8, 2018 |
| | Trial Date: January 30, 2018 |

1  Pursuant to Local Rule 16-5 and rule 26(a)(3)(A) of the Federal Rules of Civil
2  procedure, Plaintiff Jane Doe hereby submits a witness list.  Plaintiff notes that no
3  depositions have been taken in this case, and therefore Plaintiff has not included any
4  designation information in this exhibit list.  In addition, since Defendant's counsel has
5  withdrawn from representing Defendant, Defendant has not appeared in this litigation
6  and has violated numerous Court orders, including an order requiring Defendant to
7  produce documents and an order to pay Plaintiff discovery sanctions and make a
8  certain filing with the Court.  Plaintiff also refused to appear for deposition.  As such,
9  if Defendant appears in this action at a later date, while Plaintiff maintains default still
10 should be entered against Defendant and/or additional sanctions should be levied
11 against Defendant, Plaintiff reserves her rights to name additional witnesses and obtain
12 additional discovery, since Defendant has not produced discovery in this action,
13 including by way of a deposition or pursuant to a Court order.  Subject to the above,
14 Plaintiff presents the following witness list.

| Name | Address and Telephone Number | Summary of Testimony and What Makes it Unique | Time Estimate |
|---|---|---|---|
| Plaintiff Jane Doe | Accessible through Plaintiff's counsel | Plaintiff will testify with respect to the allegations in the complaint, including, but not limited to, her relationship with Defendant David K. Elam, II, her authorship of the copyrighted material at issue, her copyright registrations, Defendant's conduct toward and communications with Plaintiff, third-party conduct that occurred as a result of Defendant's conduct, and her injuries and damages.<br><br>This testimony is unique because only Plaintiff can testify with respect to the intimate nature of her relationship with Defendant, her | 6 hours |

| | | | |
|---|---|---|---|
| | | authorship of the copyrighted material and obtaining registrations, and Defendant's conduct toward her and resulting injuries and damages. | |
| REDACTED (Plaintiff's mother) | Accessible through Plaintiff's counsel | Plaintiff's mother will testify with respect to (among other things) certain email communication she received from Defendant while Defendant was impersonating another individual, a conversation she had with Defendant in which Defendant made a number of admissions, and Plaintiff's injuries. She will also testify with respect to email communications she received from a spoofed email address of a third-party. This testimony is unique because Plaintiff's mother is the only person who has first hand knowledge of the referenced email communication from Defendant and of Defendant's admissions in a particular conversation; Plaintiff's mother also is the only witness proffered who can corroborate Plaintiff's testimony regarding her injuries and damages because she observed Plaintiff's injuries, including emotional distress. | 1 hour |
| Defendant, David K. Elam, II | Unknown | Plaintiff anticipates that Defendant would testify, if at all, with respect to (among other things) his conduct as to Plaintiff as well as his intent, or will assert the 5th Amendment privilege against self-incrimination. Defendant's testimony is unique because only Defendant will be able to testify with respect to certain of his conduct, including, but not | 6 hours |

| | | limited to his subjective mindset and intent during the events in question, the manner in which he carried out his conduct, and previous and/or subsequent similar conduct. | |
|---|---|---|---|

K&L GATES LLP

Dated:  December, 18, 2017           By: /s/ Peter E. Soskin
                                         Seth A. Gold
                                         Peter Soskin

                                         K&L GATES LLP
                                         Attorneys for Plaintiff Jane Doe