JS-6

E-FILED 04/04/16
LINK #146
TERM #139/144
4/16 hrg off
Cased closed

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| **JANE DOE,**<br><br>            Plaintiff,<br><br>vs.<br><br>**DAVID K. ELAM II,**<br><br>            Defendant. | Case No.: CV 14-9788 PSG (SS)<br><br>**[~~CORRECTED~~] [PROPOSED] DEFAULT JUDGMENT**<br><br>Date: April 16, 2018<br>Time: 1:30pm<br>Courtroom: 6A<br><br>[Assigned to the Honorable Philip S. Gutierrez] |

Plaintiff Jane Doe filed her Motion for Entry of Default Judgment against Defendant David Elam on February 16, 2018. After full consideration Plaintiff's Moving Papers, Plaintiff's First Amended Complaint ("FAC"), and all other matters presented to the Court, the Court **GRANTS** Plaintiff's Motion and hereby enters final judgment against Defendant and **ORDERS, JUDGES,** and **DECREES** as follows:

1. In late 2012, Plaintiff and Defendant entered into a relationship that soon became a long distance relationship when Defendant moved to Virginia and Plaintiff remained in California.

2. After Defendant moved to Virginia, Plaintiff provided to Defendant certain sexually explicit digital photographs and videos of herself (the "Media") that Plaintiff demanded and Defendant agreed he would keep private. Defendant also understood Plaintiff owned the rights to all of the Media he received.

3. When Defendant ended his relationship with Plaintiff in May 2013, he threatened to make Plaintiff's life so miserable she would want to kill herself.

4. After making this threat, Defendant proceeded to upload the Media and Plaintiff's personal contact information to the internet and create Profiles on social media, dating, and pornographic websites to distribute the Media, and communicate with others in Plaintiff's name, thereby impersonating Plaintiff.

5. As a result of this impersonation, Defendant caused others to contact Plaintiff directly with the expectation that she was interested in engaging in indiscriminate sexual relations.

6. Defendant additionally used an email service to email links to the Media to Plaintiff's classmate and Plaintiff's mother in the name of her school officials and classmate, respectively.

7. Plaintiff obtained a temporary restraining order, and then permanent

restraining order against Defendant which required him to refrain from impersonating Plaintiff and to remove the Media from the internet. Additionally, Defendant's mother asked Defendant to cease and desist the conduct described above. Defendant agreed he would.

8. Notwithstanding his representation that he would refrain from continuing to upload the Media, Defendant continued to distribute the Media to additional internet outlets for public consumption.

9. Defendant's intentional and calculated effort to cause Plaintiff' emotional distress such that she would want to kill herself, and the manner in which he pursued such a goal ranks among the most vile and outrageous conduct imaginable.

10. Through his revenge porn campaign, Defendant intended to accomplish the following: (a) cause Plaintiff extreme emotional distress; (b) harm, intimidate, and threaten Plaintiff; (c) place Plaintiff in a reasonable fear for her safety; and (d) intrude onto Plaintiff's privacy.

11. As a result of Defendant's conduct outlined above, Plaintiff suffered, and to this day continues to suffer, severe emotional distress. Such distress and other injuries include, but are not limited to:

    a. fearing for her life when she was contacted by strangers for sex, including individuals who informed her they were on their way to her home;

    b. entering into depression which caused her to lose focus and sleep during a rigorous academic calendar;

    c. feeling shame around her peers and family

    d. worrying that she will never be taken seriously as a professional, or be able to develop a healthy relationship or family;

    e. having to end a work-study program before its completion because she felt she was constantly being gawked at;

      f.      breaking down into tears on a daily basis, even to this day;

      g.      having to move apartments because her previous address was linked to profiles created by Defendant;

      h.      regular feelings of reduced self worth.

12. During the period in which Defendant was uploading the Media to the internet, Plaintiff registered the Media with the U.S. Patent and Trademark Office under the following registrations:

      a.      VAu 1-138-755 (the "'755" registration)

      b.      VAu 1-146-596 (the "'596" registration)

      c.      VAu 1-152-473 (the "'473" registration)

13. From the date of her registration, through today, Plaintiff owns the valid, enforceable, and incontestable Copyrights to the images protected by the above-referenced copyright registrations.

14. After Plaintiff registered the '755, '596, and '473 Copyrights, Defendant continued to upload the Media without Plaintiff's permission or license, thereby infringing Plaintiff's Copyrights.

15. Plaintiff filed her FAC on December 22, 2014, alleging, among others, a Federal Copyright Infringement claim, Online Impersonation with Intent to Cause Harm, Intentional Infliction of Emotional Distress, Negligence, and Stalking.

16. This Court has Federal Question subject matter jurisdiction because the Copyright claim is an issue of Federal law. Additionally, the Court has diversity jurisdiction because at all relevant times, Plaintiff was a citizen of California, and Defendant was a citizen of Virginia and Plaintiff seeks an amount greater than the jurisdictional minimum of $75,000. Venue in this district is proper.

17. This Court has personal jurisdiction over Defendant because, among other reasons, he appeared in this action, and acquiesced to this Court's

jurisdiction.

18. Defendant appeared, through counsel on May 22, 2015, but after Answering and initial stages of discovery, his attorneys withdrew because Defendant failed to pay and communicate with them, thereby harming the administration of justice. ECF 75.

19. Defendant never again engaged with the judicial process in this action despite Plaintiff's extraordinary efforts to secure his participation. Defendant never informed the Court, or Plaintiff's counsel of his contact information, and he has not responded in any manner to Plaintiff's communications, discovery, or motions since his attorneys withdrew.

20. Plaintiff then filed a Motion to Strike Defendant's Answer and Enter Default against Defendant which the Court entered on January 19, 2018. (ECF 135).

21. In Plaintiff's Motion for Entry of Default Judgment, she has shown, through the well pleaded allegations in the FAC and other evidence gathered in this case, that Defendant is liable for the following:

   a. Copyright Infringement of the '755, '596, and '473 pursuant to 17 U.S.C. § 101 *et seq*.
   b. Online impersonation with intent to harm under Cal. Penal Code §§ 528.5(a), (c);
   c. Stalking under Cal. Civ. Code §1708.7
   d. Intentional infliction of emotional distress (*see Huntingdon Life Scis., Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228).
   e. [Negligence (*See Ahern v. Dillenback*, 1 Cal.App. 4th 36, 41 (1991) Cal. Civ. Code § 1714(a))].

22. IT IS HEREBY ORDERED that Defendant is liable to Plaintiff for the injuries caused by Defendant's systematic revenge porn campaign.

23. IT IS FURTHER ORDERED that
   a. Defendant is PERMANENTLY ENJOINED FROM directly or indirectly ever again posting or otherwise using the photographs or videos of Plaintiff that are subject to the '755, '596, and '473 registrations, as well as posting or otherwise using any photographs and videos of Plaintiff, including:
      i. Publishing, disseminating, possessing, taking, distributing, showing, uploading, copying, and/or using in any other manner any photographs, images, or video of the Plaintiff;
      ii. Any further conduct enabling the private images of the Plaintiff from being displayed, distributed, or accessed over the Internet or in any other form.
   b. IT IS FURTHER ORDERED THAT Defendant shall destroy any of the Media or any other photographs or videos of Plaintiff that he has in his possession.
   c. IT IS FURTHER ORDERED THAT Defendant shall file with this Court and serve upon Plaintiff within fifteen days after issuance of this injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.
   d. IT IS FURTHER ORDERED THAT this Court's July 20, 2015 Order (ECF 36) regarding Plaintiff's anonymity remains in effect: Defendant David K. Elam II is permanently enjoined from publicly revealing the identity of Plaintiff in connection with the within action, including to any member of the media, and from publicly revealing Plaintiff's phone number, address, email address, social media profiles, contact information, or any other information from which Plaintiff's identity can be discerned.

24. IT IS FURTHER ORDERED that Plaintiff is entitled to damages arising from his Copyright infringement in the amount of $450,000 from Defendant, representing $150,000 for each copyright infringed. (17 U.S.C. § 504(c)).

25. IT IS FURTHER ORDERED that Defendant's revenge porn campaign satisfies the elements of each of the following torts under California law: Online Impersonation with Intent to Cause Harm, Intentional Infliction of Emotional Distress, and Stalking and as such, Plaintiff is entitled to $3,000,000 from Defendant in compensatory damages for the severe emotional distress she has suffered and continues to suffer as a direct result thereof.

    a. [IT IS FURTHER ORDERED that Defendant's revenge porn campaign satisfies the elements of Plaintiff's negligence claim, and as such, Plaintiff is entitled to $3,000,000 from Defendant in compensatory damages for the severe emotional distress she has suffered and continues to suffer as a direct result thereof.]

26. IT IS FURTHER ORDERED that pursuant to California Civil Code section 3294 and California Penal Code section 502(e)(4), Plaintiff is entitled to $3,000,000 in punitive damages from Defendant as a direct result of: intentional infliction of emotional distress, online impersonation with intent to cause harm, and stalking due to Defendant's intentional malicious efforts to make Plaintiff's life so miserable that she would want to kill herself, indeed not only did he consciously disregard Plaintiff's safety when he published online her contact information along with graphic photographs and invitations for sex, he specifically intended that his conduct would result in Plaintiff being bombarded with sexual solicitations from strangers and he specifically intended for Plaintiff's to believe that her academic, professional, and personal life would be

forever destroyed such that she would resort to killing herself.

27. IT IS FURTHER ORDERED that, Plaintiff is awarded $12,600 in attorneys' fees from Defendant David K. Elam II under 17 U.S.C. § 505 and Local Rule 55-3.

28. IT IS FURTHER ORDERED that Plaintiff is declared the prevailing party in this action and is entitled to her costs from David K. Elam II pursuant to rule 54(d) of the Federal Rules of Civil Procedure and 17 U.S.C. § 505.

29. The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction. If Defendant violates any terms of this Default Judgment and Permanent Injunction, Plaintiff shall have the right to reopen this action upon motion or application. If the action is reopened, Plaintiff shall not be precluded from pursuing any remedies she may have against Defendant and shall be entitled to recover any of her costs and attorneys' fees for further prosecution of this action.

30. IT IS THEREFORE HEREBY ORDERED that Plaintiff is awarded $450,000 from Defendant for her Copyright Infringement Claims; $3,000,000 in compensatory damages from Defendant for her claims of intentional infliction of emotional distress, online impersonation with intent to cause harm, and stalking [(or) negligence]; $3,000,000 in punitive damages from Defendant arising from her claims of intentional infliction of emotional distress, online impersonation with intent to cause harm, and stalking; and $12,600 from Defendant in attorneys' fees for a TOTAL JUDGMENT of $6,462,600.

///

///

31. IT IS FURTHER ORDERED that the Clerk of the Court is directed to enter judgment IN FAVOR OF PLAINTIFF and AGAINST DEFENDANT DAVID K. ELAM II on Plaintiff's Claims for Copyright Infringement, Online Impersonation with Intent to Harm, Stalking, and Intentional Infliction of Emotional Distress, awarding Plaintiff the injunctive relief and $6,462,600 in damages and attorneys' fees as set forth above.

**IT IS SO ORDERED.**

Dated: 4/4/18

Hon. Philip S. Gutierrez
Central District of California